MARY HUDSON *vs.* F. W. WOOLWORTH CO.

Middlesex.    May 14, 1931. — May 26, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence*, Of proprietor of store.

At the trial of an action of tort by a woman against the proprietor of a store for personal injuries sustained when the plaintiff, a customer in the store, slipped on a piece of candy on the floor of the store, there was evidence that, when the plaintiff got up, she picked a piece of candy off the heel of her shoe; that where she fell there was a piece of candy on the floor, "all heel marks," "all dirty and grimy," "about the size of the palm of her hand," "all flattened out," "a number of heel marks in it"; that there was a "skid mark" on the floor about two feet long, extending from the piece of candy on the floor to the place where she fell; that a floor-walker picked up this piece of candy, but had to scrape it off the floor where it was stuck; that the floor under the candy was clean, but around it was dirty; that the candy was of a kind sold in the store at the time; that the defendant's rules for the government of its employees with reference to the safety of customers were that the "floor must be kept clean at all times by a janitor whose duty it was to keep the floor clean by sweeping" and that "if there was anything on the floor, it should be cleaned up immediately"; that the floor had been swept about an hour and a half before the accident; and that many customers were in the store at and before the time of the accident. There was no evidence that the candy had been seen on the floor by any one previous to the plaintiff's fall. *Held*, that there was evidence that the candy which caused the plaintiff's fall had been on the floor such a period of time that, in the exercise of reasonable care to keep the premises in safe condition for use by customers, the defendant should have found and removed it; and that a verdict for the plaintiff was warranted.

TORT. Writ dated July 9, 1928.

In the Superior Court, the action was tried before *Weed*, J. Material evidence is stated in the opinion. A verdict for the plaintiff in the sum of $500 was recorded with leave reserved under G. L. c. 231, § 120. Thereafter the judge denied a motion by the defendant that a verdict be ordered in its favor. The defendant alleged exceptions.

*W. I. Badger*, for the defendant.

*J. B. O'Hare*, for the plaintiff.

FIELD, J.   This is an action of tort for negligence to recover damages for injuries alleged to have been sustained by the plaintiff by reason of falling on the floor of the defendant's store.   There was a verdict for the plaintiff.   The case is here on the defendant's exceptions to the denial of its motion for a directed verdict in its favor and to the denial of its motion for the entry of a verdict for the defendant in accordance with leave reserved.

The jury were warranted in finding the following facts: The plaintiff entered the defendant's store at its invitation, on a Saturday evening about eight o'clock, to make a purchase.   While walking in an aisle toward the counter where she intended to make her purchase and while opposite or near the candy counter, she slipped, fell, and was hurt.   As she got up, she picked a piece of candy off the heel of her shoe.   Where she fell, there was a piece of candy on the floor, "all heel marks," "all dirty and grimy," "about the size of the palm of her hand," "all flattened out," "a number of heel marks in it."   There was a "skid mark" on the floor about two feet long, extending from the piece of candy on the floor to the place where she fell.   A floor-walker picked up this piece of candy, but had to scrape it off the floor where it was stuck.   The floor under the candy was clean, but around it was dirty.   The candy was an "orange slice" of a kind sold in the store at the time.   The defendant's rules for the government of its employees with reference to the safety of customers were that the "floor must be kept clean at all times by a janitor whose duty it was to keep the floor clean by sweeping" and that "if there was anything on the floor, it should be cleaned up immediately."   The floor had been swept about an hour and a half before the accident.   Many customers were in the store that evening at and before the time of the accident.   There was no evidence that the candy had been seen on the floor by any one prior to the plaintiff's fall.

There was no error in the refusal of the trial judge to direct a verdict for the defendant or to enter a verdict for the defendant in accordance with leave reserved.   There was evidence that "the plaintiff received personal injuries

when she was in that part of the defendant's store which was intended for the use of customers, and that she was there as a customer by the invitation of the defendant. In such circumstances the defendant owed to the plaintiff the duty to use reasonable care to keep the premises in safe condition for her use as a customer." *Kennedy* v. *Cherry & Webb Co.* 267 Mass. 217, 219, and cases cited. A finding that the plaintiff's injury was caused by a piece of candy on the floor of the store was warranted. The evidence of the appearance of the candy and its sticking to the floor, and of the appearance of the floor under and around it, warranted a finding that the candy had been on the floor such a period of time that in the exercise of reasonable, care to keep the premises in safe condition for use by customers, the defendant should have found and removed it. There was something on which to base a conclusion that the candy had not been dropped a moment before by a customer. The case is governed by *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, rather than by *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362, *O'Leary* v. *Smith*, 255 Mass. 121, *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, and *Cartoof* v. *F. W. Woolworth Co.* 262 Mass. 367.

*Exceptions overruled.*