JENNIE M. FOLEY *vs.* F. W. WOOLWORTH CO.

Suffolk.    December 4, 1935. — January 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence*, Store, Slippery substance, One owning or controlling real estate.

Evidence that there was partly dried vomit on the stairway of a store in plain view of its employees warranted an inference that the substance had been there so long that there was negligence in not discovering and removing it.

TORT.    Writ dated June 11, 1931.

The action was tried in the Superior Court before *Beaudreau*, J.    The verdict for the plaintiff was in the sum of $1,000.

*W. A. Murray*, for the plaintiff.

*W. I. Badger*, for the defendant.

PIERCE, J.    This is an action of tort, tried in the Superior Court to a jury, in which the plaintiff claimed that, while she was a customer in the defendant's store and while she was walking down a stairway which led from the street floor to the basement, she slipped on a large area of foreign, slippery and slimy substance which the defendant permitted to be on a portion of said stairway, which condition it could have remedied by the exercise of reasonable diligence.    At the trial there was a verdict for the plaintiff. The judge reserved leave to enter a verdict for the defendant, and upon motion of the defendant ordered the entry of such a verdict.    The plaintiff excepted to this order, and the case comes before this court on all the evidence which is material to the issue of due care of the plaintiff and negligence of the defendant in its aspect most favorable to the plaintiff.

Such evidence, so considered, warranted the finding of facts, in substance, as follows: The accident happened on

March 10, 1931, between 1 and 2 P.M. of a business day. It was raining, and the plaintiff carried in her hand an umbrella and a hat bag. Her errand was to buy brushes which she used in her business and were sold in the basement. She went down the steps and reached the third step from the bottom. When she got to that step and bore her weight on it, she slipped to the floor at the foot of the stairway. Two young men lifted her from the floor. She then turned around to see what she had slid on and saw a "mess" on the third stair extending from the lower part of the fourth out to the edge of the third stair. It was about a foot in width and in some places it was thin and in others thick. The substance was vomit. In some places it was as thin as paper, in others as thick as cardboard; it was drier than it was wet and was a mixture of liquids and solids, hard in places and a little soft in others. The plaintiff testified, subject to the defendant's exceptions which do not appear in the record to have been perfected, that about twenty minutes after the accident she observed that the place where she slipped had been cleaned off, that it was cleaner than the rest of the stairs and that the condition of the area surrounding the place where the mess had been taken away was ordinary dust and dirt.

There was uncontradicted testimony from both sides that the defendant maintained a restaurant in the basement located at the foot of the stairway with one aisle between the stairs and the several counters, a distance of about nine feet; that the restaurant was in operation at the time of the accident, with ten or more counters and waitresses in attendance; that there was no obstruction between where the waitresses were at the counters and the stairs; and that the stairs were about five or six feet wide and there were other attendants at the store at these other counters. An employee stationed about three or four yards from the foot of the stairway saw the plaintiff fall three or four steps from the bottom. The stairway was plainly visible from other counters which were attended by other employees and it could be seen readily and easily from each of them. The manager of the restaurant was on

duty that day and was in and about the various counters in close proximity to the stairway up to the time of the accident. An employee, whose duty it was to keep the floor clean at all times and to clean up immediately anything on the stairs, wiped them on the morning of the accident and went up and down the stairs every fifteen or twenty minutes before the accident.

There was no direct evidence as to when the substance came into existence on the stairs. Nevertheless, from its character, its consistency, dryness, hardness and general appearance the jury were warranted in drawing an inference, as they presumably did under the instructions of the judge, that it had been on the stairway long enough to have been known of and removed before the accident. The case falls within the class of decisions covered by *White* v. *Mugar*, 280 Mass. 73, *Manell* v. *Checker Taxi Co.* 284 Mass. 151, *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, *Hartford* v. *Boston Elevated Railway*, 280 Mass. 288, *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143, and *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273; and is distinguishable from *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass. 574, *Sisson* v. *Boston Elevated Railway*, 277 Mass. 431, *Frappier* v. *Lincoln Stores, Inc.* 279 Mass. 14, *McBreen* v. *Collins*, 284 Mass. 253, *Cartoof* v. *F. W. Woolworth Co.* 262 Mass. 367, *O'Leary* v. *Smith*, 255 Mass. 121, *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362, *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, *Bornstein* v. *R. H. White Co.* 259 Mass. 34, and *Renzi* v. *Boston Elevated Railway*, *ante*, 228, on the fact that in the case at bar a substance of the character described could not have been where it was without being exposed to the view of the waitresses at the ten counters near the foot of the stairs for a length of time sufficient for notice to the manager, or employee having the stairway in charge, and for the removal of the condition, or the protection of the users of the stairs against the condition.

> *Exceptions sustained.*
> *Judgment for the plaintiff on the verdict.*