MARGARET J. CONNAIR *vs.* J. H. BEATTIE COMPANY.

JOHN J. CONNAIR *vs.* SAME.

Middlesex.   October 8, 1937. — December 1, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Store.

Evidence warranted a finding that a mass of food on the floor of a provision store in plain view of its employees had been there so long that there was negligence in not discovering and removing it.

TWO ACTIONS OF TORT. Writs in the Superior Court dated February 19, 1935.

The actions were tried before *Swift,* J. There was a verdict for the plaintiff in the first action in the sum of $6,000; and a verdict for the plaintiff in the second action in the sum of $4,000, of which he remitted $1,000. The defendant alleged exceptions.

*R. J. Lavelle,* for the defendant.

*C. C. Steadman,* (*A. J. Doherty* with him,) for the plaintiff.

LUMMUS, J.  The plaintiff in the first case, hereinafter called the plaintiff, recovered a verdict for personal injuries sustained by slipping on a moist mass which was on the floor of the defendant's provision store in Waltham.  The plaintiff's husband recovered a verdict for consequential damages.  The question is, whether verdicts for the defendant ought to have been directed, on the ground that there was no evidence of its negligence.

There was evidence of the following facts.  The dimensions of the store were fifty feet by eighty feet.  When the plaintiff was hurt the store was not busy.  Sixteen or eighteen employees were about the store.  The plaintiff stopped near a display of strawberries and wax beans, and bought strawberries and other things from a clerk.  No other customers were near.  As she started to go to the rear of the store she slipped on a clotted mass of mingled wax beans and strawberries, as large as the palm of a man's hand and a quarter of an inch thick, which was on the tiled floor.  The mass was flattened and trodden down.  The wax beans in it were dirty brown in color and the strawberries were black.  When it was dislodged, the floor under it was cleaner than the rest of the floor, which was dusty and dirty looking.  The mass was about eighteen inches from the vegetable counter and seven feet from the meat counter opposite.  It was in plain sight of three clerks behind the meat counter.

Upon this evidence the jury could find that the mass remained on the floor at the time of the injury because of negligence of the defendant.  *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469.  *Manell* v. *Checker Taxi Co.* 284 Mass. 151.  *De Prizio* v. *F. W. Woolworth Co.* 291 Mass. 143. *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232.  Compare *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489.  See also *Jennings* v. *First National Stores, Inc.* 295 Mass. 117.

*Exceptions overruled.*