GERTRUDE A. ZANES *vs.* MALDEN AND MELROSE GAS LIGHT COMPANY.

Middlesex.   November 9, 1937. — December 1, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* One owning or controlling real estate, Slippery substance. *Practice, Civil,* Appellate Division: appeal.

Evidence as to a grease spot on the floor of an office which had been there long enough to accumulate dust warranted a finding of negligence in not discovering and removing it.

Although an order by an appellate division of judgment for the defendant, after the trial judge found for the plaintiff, was reversed because there

was evidence warranting a finding for the plaintiff, this court ordered the finding vacated and that there be a new trial because the ground upon which the trial judge had found for the plaintiff was unsupported by the evidence reported.

TORT. Writ in the First District Court of Eastern Middlesex dated November 18, 1936.

Upon report by *Flynn,* J., after a finding for the plaintiff in the sum of $600, the Appellate Division for the Northern District vacated the finding and ordered judgment for the defendant. The plaintiff appealed.

*W. R. Morris,* (*R. C. Sheppard* with him,) for the plaintiff.

*J. W. Lobdell,* for the defendant.

LUMMUS, J. On the morning of June 13, 1936, the plaintiff entered the place of business of the defendant in Everett, for the purpose of paying a bill. She slipped on the floor and was hurt. There was evidence that what she slipped on was a greasy substance on the linoleum floor, making a spot ten or twelve inches in diameter, which was dirty and grimy and was described as looking "like an old grease spot." After she had slipped her heel mark "showed light," indicating that the dirt in the "dirty" spot was on the surface. Besides, there was direct evidence that "there was dirt over the spot."

We think that this was evidence that the grease had been on the floor long enough to warrant a finding that the defendant was negligent in not discovering and removing it. *Manell* v. *Checker Taxi Co.* 284 Mass. 151. *Trottier* v. *Neisner Brothers, Inc.* 284 Mass. 336. *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232. For this reason the order of the Appellate Division ordering judgment for the defendant must be reversed; but as the ground upon which the trial judge found for the plaintiff, namely, that the grease was in fact an accumulation of floor wax, appears to us unsupported by the evidence, we think that the finding for the plaintiff should be vacated, and that the case should stand for a new trial.

*So ordered.*