## CATHERINE BAVOSI *vs.* INTERSTATE THEATRES CORPORATION.

Worcester.   September 23, 1940. — October 30, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Negligence*, Theatre, Sticky substance, Contributory.

Evidence of the appearance of a patch of sticky substance partly in the aisle of a theatre warranted a finding that it had been there so long that the proprietor was negligent toward a patron who was caused to fall when his shoe stuck in the substance.

A finding of contributory negligence of a patron of a theatre was not required by evidence that he was caused to fall when his shoe stuck in a sticky substance partly in an aisle as he was leaving before the lights were turned on at the conclusion of a performance.

TORT.   Writ in the Superior Court dated November 16, 1936.

The action was tried before *T. J. Hammond*, J., who ordered a verdict for the defendant.

*N. Rosenfeld*, for the plaintiff.

*M. Rubin*, (*J. C. McDonald* with him,) for the defendant.

RONAN, J.   The plaintiff testified that, accompanied by a young man who has since become her husband, she attended an evening performance at the defendant's moving picture theatre, occupying the third seat in the front row of the second balcony; that her escort sat in the fourth seat; that they waited a minute or two after the conclusion of the performance before leaving their seats; that the lights had not then been turned on in that portion of the theatre; and that, as she was going between the front railing of the balcony and the first seat in the row in which she had sat, she "was walking out this way, as I went to pick up my foot, it was stuck or it had a tendency to sort of slip, and, as I went to pick up my foot again I slipped this way, I fell, and I twisted and fell this way."   There

was evidence that a patch of some sticky substance eight inches long and six inches wide was upon the floor under the front seat and projecting three inches from the line of the front seat into the aisle between this seat and the railing at the front of the balcony. It looked like tar and was a quarter of an inch thick in the center but the edges were solid and gray. The center was gummy, "a putty color like, and sort of sticky." Dust and dirt had accumulated upon this sticky mass and it was much darker than the floor. There was other evidence tending to show that the plaintiff's injuries were due to falling over a step, a short distance from the end of the first row of seats, as she was proceeding in the dark on her way to the stairway that led from the second balcony. At the close of the evidence the judge, subject to the plaintiff's exception, directed a verdict for the defendant.

A jury would be warranted in finding from the appearance, shape, size, color and location of this sticky mass that it had remained upon the floor long enough for the defendant, in the exercise of due care, to discover its existence and to remove it or to warn its patrons of its presence; and that the plaintiff, while attempting to extricate her foot from this gummy mass, lost her balance and fell over the step leading to the stairway. They could further find that there was no causal connection between the darkness of the theatre and the accident, and that she was free from contributory negligence. Such findings would demonstrate a breach of the duty that the defendant owed to one of its patrons, and would furnish an adequate basis for a verdict for the plaintiff in accordance with numerous decisions; only a few of them need to be cited. *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346. *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234. *Connair* v. *J. H. Beattie Co.* 298 Mass. 550, 551. *Zanes* v. *Malden & Melrose Gas Light Co.* 298 Mass. 569, 570. *Rynn* v. *Fox-New England Theatres, Inc.* 299 Mass. 258. *Johnson* v. *Warner Bros. Circuit Management Corp.* 301 Mass. 348. *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81. *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309.

*Exceptions sustained.*