CATHERINE SMAIL vs. JORDAN MARSH COMPANY.

Suffolk.   April 9, 1941. — June 24, 1941.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Negligence*, Store, One owning or controlling real estate, Slippery substance.

Evidence, merely that that portion of a floor in a store, which was exposed when a customer's foot "skidded" through a soft substance there, looked clean, and that the substance itself and the floor surrounding it were "dirty," would not have warranted an inference as to the condition of the floor under the substance where it had not been scraped by the skidding or a finding that the substance had been upon the floor a sufficient length of time to enable the proprietor of the store in the exercise of due care to discover and remove it.

TORT. Writ in the Superior Court dated December 14, 1937.

At the trial before *Sheehan*, J., a verdict for the plaintiff in the sum of $4,500 was recorded with leave reserved. Thereafter the judge ordered entered a verdict for the defendant. The plaintiff alleged exceptions.

*H. H. Toltz*, (*I. M. Golden* with him,) for the plaintiff.

*A. F. Bickford*, (*R. B. Snow* with him,) for the defendant.

QUA, J. On February 4, 1936, at about 2:20 P.M., the plaintiff, while a customer in the defendant's store, slipped on a platform in the defendant's control which connected with a stairway leading from the defendant's "basement department" to a subway station of the Boston Elevated Railway. After a verdict for the plaintiff, the judge, upon leave reserved, entered a verdict for the defendant.

From the plaintiff's testimony the jury could find that she "skidded" on some "dark brown" candy, with "a lot of white filling or something," that "had been flattened right out." This candy was "about twice as big as . . . [the plaintiff's] hand and about four or five inches wide." After the accident the plaintiff observed "a shoe mark," "a kind of skid mark," in the candy where she could see

the floor underneath, and that it was clean and "looked like marble, kind of a creamy color." She found "some of that white stuff" on her right foot. The candy was dirty, and the floor of the platform was dirty all around the candy. It was a wet day, and the plaintiff wore rubbers.

The plaintiff contends that her testimony brings this case within the authority of cases like *Anjou* v. *Boston Elevated Railway,* 208 Mass. 273, and, more particularly, *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, where significance was attached to evidence that the floor was clean under the offending substance but dirty around it as aiding in the drawing of an inference that the substance had been upon the floor a sufficient length of time to enable the defendant in the exercise of due care to discover and remove it. See also *Manell* v. *Checker Taxi Co.* 284 Mass. 151; *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232; *Connair* v. *J. H. Beattie Co.* 298 Mass. 550; *Zanes* v. *Malden & Melrose Gas Light Co.* 298 Mass. 569, and *Bavosi* v. *Interstate Theatres Corp.* 307 Mass. 124.

The difficulty with this contention is that upon cross-examination of the plaintiff it appeared that her observation of the floor under the candy was limited to the place where the "skid mark" was. Her testimony, taken as a whole, cannot fairly be interpreted as extending beyond this. There was no evidence that the candy was removed at any other point so that the condition of the floor under it could be examined and compared with the remainder of the floor. The fact that the floor looked clean at the precise point where some one's foot had "skidded" through a soft substance affords in itself no solid ground for an inference as to the condition of the floor under the substance at points where it had not been wiped or scraped by skidding. Nor does the mere fact that the candy on a floor where many people would naturally pass was "dirty," especially after some one, very likely the plaintiff herself, had "skidded" through it, indicate in any substantial manner how long it had been allowed to remain there. This case must be distinguished from the cases upon which the plaintiff relies and must be classed with such cases as *O'Neill* v.

*Boston Elevated Railway,* 248 Mass. 362, *O'Leary* v. *Smith,* 255 Mass. 121, *Mascary* v. *Boston Elevated Railway,* 258 Mass. 524, *Cartoof* v. *F. W. Woolworth Co.* 262 Mass. 367, *Sisson* v. *Boston Elevated Railway,* 277 Mass. 431, *McBreen* v. *Collins,* 284 Mass. 253, *Renzi* v. *Boston Elevated Railway,* 293 Mass. 228, *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489, and *Beach* v. *S. S. Kresge Co.* 302 Mass. 544.

*Exceptions overruled.*