No. 2979　　　　　Northern　　　　　Suffolk, ss.

CHEETHAM　　　　　　　　　(Francis H. Farrell)
v. CRESCENT GARDENS OPERATING CO.
　　　　　　　　Brady & Rooney—Hannon & Tracy)

From the District Court of Chelsea—Walsworth, J.

Argued Oct. 15, 1941—Opinion filed Nov. 4, 1941

PETTINGELL, J. (Jones, P. J., and Henchey, J.)—Plaintiff, an invitee of the defendant, was injured by slipping and falling at an evening performance in defendant's theatre.

There was evidence that the plaintiff with a companion entered the theatre, which was lighted at the time, and entered a row of vacant seats. As the companion passed along the row she slipped and as the plaintiff reached the same place she, also, slipped and fell. A later examination of the floor at that point showed that it was "sort of greasy like," that it was "greasy and slippery" that what was on the floor looked and felt "like grease or dried soap" and that the place was "slippery as glass."

There was evidence that there had been an afternoon performance, and evidence that the floor was waxed sometime before the night in question. The foregoing is all the evidence in the report regarding the condition of the floor or the nature or appearance of the substance on the floor which made it slippery.

The liability of the defendant must rest upon one of two theories. There could be liability if there was negligence on the part of the defendant, or its employees, in causing a foreign substance to be upon the floor, thus creating the slippery condition which caused the fall. Such negligence could be

found in careless or improper waxing of the floor. *Zanes* v. *Malden & Melrose Gas Light Co.,* 298 Mass. 569. If such negligence was the proximate cause of the injury, the question of the length of time that the slippery condition had existed is not material. *Jennings* v. *First National Stores, Inc.,* 295 Mass. 117.

On the other hand, the defendant would be liable if the improper condition of the floor came from a cause other than the negligence of the defendant and its employees, if there was negligence on the part of the defendant or its employees in failing to discover the improper condition. "Where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed of the danger and to take measures to remedy it. He is not liable in such a case, unless he is negligent in failing to inform himself and to take appropriate action." *White* v. *Mugar,* 280 Mass. 73.

The report in this case contains such an incomplete statement of facts that it is hard to understand which ground of liability the defendant relies upon, the negligence of the defendant in causing the dangerous condition, or its negligence in not discovering it. There is an intimation that liability is based upon an improper waxing of the floor as the report states that the floor "was waxed some time before the night in question." The report stops there, however, and no evidence is set forth as to when the floor was waxed, the day before or six months earlier, nor is there any evidence of the manner in which it, the waxing, was done, or that it was done improperly or carelessly.

There was no evidence which warranted a finding that the substance was wax improperly applied.

Whatever the substance was, one cannot decide without speculation, when it was dropped there, earlier the same evening, at the afternoon show, or on some previous day. If it was a quick drying substance it could have been dropped the same evening. The evidence falls short even of disclosing whether it was partially dry or wholly dry, or whether the greasiness was a final condition or a condition due to partial drying. There was no testimony of marks or dirt in the substance or upon it or of the condition of the floor under it or around it. The absence of such testimony removes completely any possibility of a comparison of the condition of the floor under the foreign substance with the surrounding floor, or any inference from such a comparison as to the length of time the foreign matter had been there.

The lack of such testimony, the absence of marks in or upon the slippery substance, and of dust or dirt upon it or around it and the uncertainty as to its nature, prevent any warranted conclusion as to what it was or as to the length of time it had been there.

We believe that the case falls within the scope of cases such as *Newell* v. *Wm. Filene's Sons Co.*, 296 Mass. 480. *Johnson* v. *Warner Bros. Circuit Management Corp.*, 301 Mass. 348, at 351; *Beach* v. *S. S. Kresge Co.*, 302 Mass. 544.

We are of the opinion that there was prejudicial error in the denial of the defendant's first requested ruling that "The evidence does not warrant a finding that the defendant was negligent."

The trial judge denied this request but found no facts other than contained in the comment. "Denied for finding the defendant and its employees negligent."

The situation is different from that which arose in *Strong* v. *Haverhill Electric Co.*, 299 Mass. 455, at 456; in that case there was evidence consideration of which could result in a finding that the defendant was not negligent. In the case at bar there was insufficient evidence, even though thoroughly considered, which could warrant a finding of negligence. No such conclusion was legally possible.

The judgment for the plaintiff is to be vacated and judgment is to be entered for the defendant.