LOUISE CHEETHAM *vs.* CRESCENT GARDENS OPERATING
COMPANY.

Suffolk.   February 4, 1942. — April 1, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Negligence,* Theatre, Slippery substance.

Evidence merely that a patron of a lighted theatre slipped on a greasy
spot on the floor between rows of seats and that the floor had been
waxed some time before, without evidence as to how long before, did
not warrant a finding of negligence on the part of the proprietor of
the theatre.

TORT.   Writ in the District Court of Chelsea dated
December 11, 1939.

The case was heard by *Walsworth,* J.

*F. H. Farrell,* for the plaintiff.

*H. F. Tracy,* for the defendant.

Cox, J.   The plaintiff and a female companion went to
the defendant's theatre one evening about a quarter to
eight to see moving pictures.   There had been an afternoon
performance.   The plaintiff's companion preceded her down
the aisle, the theatre being lighted, and walked .into a
row where there were vacant seats.   When her companion
reached the third or fourth seat in from the aisle, she
slipped.   When the plaintiff reached the spot where her
companion is alleged to have slipped, she also slipped and
fell.   When she looked at the floor where she had slipped,
she noticed that it was "sort of greasy like" and was
"greasy and slippery."   When her companion looked "in
the same spot" she noticed something that looked and felt
like "grease or dried soap," and that the floor was slippery
as glass.   There was other evidence that the floor was
waxed some time before the night in question.   This is all
the evidence reported that bears in any way upon the con-
dition of the floor.

The trial judge found for the plaintiff, denied certain of

the defendant's requests for rulings, one of which is that the evidence does not warrant a finding that the defendant was negligent, and gave as his reason for the denial of this request his finding that the defendant and its employees were negligent. The Appellate Division for the Northern District found that there was prejudicial error in the denial of this request, ordered that the finding for the plaintiff be vacated, and that judgment be entered for the defendant. The plaintiff appealed. See *Moskow* v. *Fine*, 292 Mass. 233, 234, 239; *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 449.

The defendant's duty to the plaintiff as an invitee need not be repeated. See *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 311. It could have been found that the plaintiff slipped at the spot, the condition of which was described. Although there was evidence that the floor was waxed some time before the night in question, there is no other evidence as to when this was. There is no evidence, apart from the description of the floor, as to how long the condition described had existed. See *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass. 574, 576; *Renzi* v. *Boston Elevated Railway*, 293 Mass. 228, 231; *Smail* v. *Jordan Marsh Co.* 309 Mass. 386, 387. Compare *Jennings* v. *First National Stores, Inc.* 295 Mass. 117, 118; *Bavosi* v. *Interstate Theatres Corp.* 307 Mass. 124.

The case at bar is distinguishable from cases like *Manell* v. *Checker Taxi Co.* 284 Mass. 151, *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234, where many cases are collected, *Zanes* v. *Malden & Melrose Gas Light Co.* 298 Mass. 569, *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81, 83, and *Bavosi* v. *Interstate Theatres Corp.* 307 Mass. 124.

We are of opinion that the evidence reported did not warrant a finding that the defendant was negligent.

*Order of judgment for defendant affirmed.*