GEORGE MANDIGO vs. HAMID AMUSEMENT CO. INC.

Worcester.   September 25, 1944. — October 26, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence*, Slippery substance, One owning or controlling real estate.

A finding of negligence of the proprietor of an amusement device toward a patron who had slipped and fallen on a substance on the floor would not have been warranted by evidence which failed to show that an employee of the proprietor, who was stationed where he could see the area within which the accident occurred and whose duty it was to clean the floor, had seen the substance or that it was of a nature or in a condition warranting an inference that it had been on the floor so long that it should have been seen and removed.

TORT.   Writ in the Superior Court dated September 11, 1941.

The case was tried before *Donnelly*, J.

*J. F. Driscoll*, for the plaintiff.

*S. B. Milton*, (*R. C. Milton* with him,) for the defendant.

SPALDING, J.   This case is here on the plaintiff's exception to the direction of a verdict for the defendant.   Viewing the evidence in its aspect most favorable to the plaintiff, the jury could have found the following: On August 5, 1941, at 9:30 P.M., the plaintiff, accompanied by his wife and nephew, entered the "Fun House," so called (operated by the defendant), which was one of the attractions at an amusement park.   (It was agreed at the pre-trial of the case that the "Fun House" was under the defendant's control and that the plaintiff was a patron of the defendant at the time of the accident.)   One of the amusement devices in the "Fun House" was a "Joy Bowl" — a revolving disk propelled by electricity.   Near the entrance to the "Joy Bowl" the plaintiff stepped "upon something soft, his foot slipped . . . [and] he lost his balance, and fell forward right onto the Joy Bowl," as a result of which he was injured.   The substance was described as an accumulation of candy and paper "about 9″ long, about 3″ wide . . . it

was soft . . . dark . . . gray . . . dirty, [and] black," and "seemed to be raised in the center; . . . there were marks 'like print of foot' in the accumulation"; it was "bumpy looking . . . 2½″ in thickness at the center and the edges of it stuck to the floor hard"; it was "gooey and sticky . . . [and] the floor was lighter than the accumulation; . . . the accumulation was something like the substance of a candy bar squashed; . . . it was more than one candy bar." The "Joy Bowl" and another device were operated by one Ricca (an employee of the defendant) who sat in a "box" above and slightly to one side of the "Joy Bowl." From this position he had a view of the "Joy Bowl" and the immediate area outside of it, and could "see everything." It was part of Ricca's duty to keep the floor clean and he usually swept it at noon; he could not remember whether he swept it on the day of the accident. One Hamid, another employee, also had the duty of keeping the floor clean and he was seen walking around the "Bowl" prior to the accident.

We think the judge did not err in directing a verdict for the defendant. Cases of this sort have been before this court so frequently that it would serve no useful purpose to restate the principles of law that apply. The case at bar cannot be distinguished in any essential respect from *Smail* v. *Jordan Marsh Co.* 309 Mass. 386, and is to be classed with that case and with *Beach* v. *S. S. Kresge Co.* 302 Mass. 544, *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489, *Renzi* v. *Boston Elevated Railway*, 293 Mass. 228, and *Sisson* v. *Boston Elevated Railway*, 277 Mass. 431. Although the area around the "Bowl" could be observed by an employee of the defendant, whose duty it was to clean the floor, there was no evidence that he had seen the substance on which the plaintiff slipped, and the nature and condition of it were such that an inference would not be warranted that it had been on the floor so long that it should have been seen and removed. The case is therefore distinguishable from *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, cited by the defendant. Compare *Sisson* v. *Boston Elevated Railway*, 277 Mass. 431.

*Exceptions overruled.*