JOSEPHINE DiANGELO *vs.* UNITED MARKETS INC.

Suffolk.    December 3, 1945. — February 1, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS,, & SPALDING, JJ.

*Negligence,* Store, Slippery substance.  *Practice, Civil,* Exceptions: whether error harmful; Interrogatories; Discretionary control of evidence. *Error,* Whether error harmful.  *Evidence,* Interrogatories, Competency, Relevancy and materiality, Conflicting statements of witness.

An exception to the admission of certain evidence in direct examination of a witness was overruled where it appeared that later without objection the same witness testified in cross-examination in language identical with that to which exception had been taken.

No harmful error appeared in the admission in evidence of an answer of a

party to an interrogatory, even if unresponsive, where it appeared that the party previously had testified at the trial to the same effect in substance.

A trial judge in his discretion properly might refuse to limit to rebuttal the testimony of a witness called to testify for the plaintiff after the defendant had rested, where it appeared that the witness had been absent from the Commonwealth when the case was reached for trial.

At the trial of an action against the proprietor of a store for personal injuries sustained when the plaintiff, a customer, fell because she slipped on what she testified was "some black stuff" the size of her hand, a quarter of an inch thick, black on top and brown on the bottom, a witness who was at the store about four hours later properly was permitted to testify respecting "black spots" on the same place approximating in size and substance that described by the plaintiff, although there were many people in the store and the day was rainy.

Testimony, competent when admitted, does not later become incompetent through the judge's giving erroneous instructions to the jury respecting the findings warranted by it.

A finding of negligence on the part of the proprietor of a store toward a customer was warranted by evidence that the customer slipped and fell on a sticky substance, the size of his hand and a quarter of an inch thick, which had been on the floor of the store for over a month.

Apparent but not necessary inconsistencies between testimony given by the plaintiff at a trial when compared to his answers previously given to interrogatories could not require the ordering of a verdict for the defendant where it did not appear that the plaintiff had elected to be bound by a view of the testimony which would require such an order.

An instruction to the jury at the trial of an action for injuries sustained from slipping on a substance on the floor of a store of the defendant, that they might consider testimony that the substance was sticky, the size of the plaintiff's hand, a quarter of an inch thick, black on top and brown on the bottom, and determine whether that testimony would "assist" them "in saying" the substance "was there for a sufficient length of time to have been discovered and removed," was error, since that testimony did not permit such an inference.

TORT. Writ in the Superior Court dated August 28, 1943.

The case was tried before *O'Connell*, J.

*W. F. Henneberry*, for the defendant.

*H. L. Barrett*, for the plaintiff.

WILKINS, J. This is an action of tort for negligence by a customer against a store owner to recover for injuries due to slipping on a substance on the floor. The jury found for the plaintiff. The defendant's exceptions relate to the admission of evidence, to the denial of a motion for a directed verdict, and to the charge.

On Saturday, February 6, 1943, at some time after 11 A.M. the plaintiff, who had made a purchase in the defendant's store in Boston, started toward a side door leading to Blackstone Street. To do so it was necessary to walk up a ramp connecting the floor of the rear of the store with the floor of the front of the store, which was about two feet lower. As she started to ascend the ramp, which was between the cheese and cooky counters, and when she had taken one step uphill, "her foot slipped and she fell." Her "foot slipped before she got to the ramp and [she] fell onto the ramp." She then looked and saw what caused her to fall. There was "some black stuff" stuck to the floor. It was about the size of her hand, a quarter of an inch thick, black on top, and brown on the bottom. It had been there since Christmas time. She used to go to the store two or three times a week. There was a "lot more" of the substance on the way from the Hanover Street entrance to the space between the cheese counter and the cooky counter. It was a rainy day, and there were "a lot of people" in the store. The foregoing could have been found on the testimony of the plaintiff.

1. Subject to the defendant's exception the plaintiff was asked, "Was there any other like this near this piece?" She answered, "It is all around the store." This exception cannot be sustained because without objection she later testified in identical language on cross-examination. *Abele v. Dietz*, 312 Mass. 685, 691, and cases cited. *Commonwealth* v. *Parrotta*, 316 Mass. 307, 312–313.

2. The defendant introduced in evidence the following answers of the plaintiff to interrogatories. 20. Q. "Please state where you were at the time your injury occurred." A. "On the incline leading from the cheese counter to the side entrance." 21. Q. "Please state what you were doing at the time of your injury." A. "I had just finished purchasing some cheese and was starting to leave the store." 22. Q. "Please state when you first observed the thing or condition which you allege caused your injury." A. "After I fell." Later there was offered by the plaintiff and admitted in evidence, subject to the defendant's exception, the plain-

tiff's answer to interrogatory 16: Q. "Please describe fully and in detail how the accident occurred, stating what you saw, what you heard, what you did and what happened to you in the order in which said events took place." A. "While shopping in defendant's store my foot caught on a hard sticky foreign substance which was ground into the flooring, causing me to fall. An employee of the store picked me up. The manager was notified and advised me to go home and get medical treatment at once." It is not questioned but that the plaintiff could read as evidence her own answers to interrogatories on the same subject matter as those earlier read by the defendant. *Freeman* v. *United Fruit Co.* 223 Mass. 300, 304. *Reid* v. *Bacas,* 317 Mass. 240, 242. G. L. (Ter. Ed.) c. 231, § 89. We think that interrogatory 16 related to the same subject matter as interrogatories 20, 21, and 22. *Churchill* v. *Ricker,* 109 Mass. 209, 211–212. *Demelman* v. *Burton,* 176 Mass. 363, 364. The defendant also contends that the answer was not altogether responsive, and should have been excluded for that reason. *Falzone* v. *Burgoyne,* 317 Mass. 493, 497–498. This objection could apply only to the statement that an employee picked her up and to the conversation with the manager. The plaintiff had previously testified that she was "assisted" by an employee from the fruit counter and that she talked with the manager, although the nature of the conversation had not been given. The defendant was not harmed. *Kelley* v. *Boston,* 296 Mass. 463, 466–467.

3. After the defendant had rested, one Ullian, an engineer and photographer, was allowed to testify as a witness for the plaintiff as to what he had found on the floor of the defendant's store about 3:30 P.M. on February 6, 1943. The defendant asked the judge to rule that the testimony be limited to rebuttal. He refused, stating that he was "exercising discretion to allow a witness who was out of the State at the time . . . [the case] was reached for trial to testify," and admitted the evidence as part of the plaintiff's case. The defendant excepted. There was no error. *Robbins* v. *Springfield Street Railway,* 165 Mass. 30, 37. *Finnegan* v. *Checker Taxi Co.* 300 Mass. 62, 69. *Dunlea* v. *R. D. A.*

*Realty Co.* 301 Mass. 505, 506.    *Commonwealth* v. *Lammi,* 310 Mass. 159, 164.

The defendant now contends also that there was error in the admission of the following questions asked of Ullian subject to its exceptions: Q. "Refreshing your recollection from any notes you have and from that exhibit [a photograph of the store] will you tell us whether or not you found any foreign substance on the floor on February 6 at the point . . . I am going to show you in the picture, in this area here?" A. "Yes." Q. "Will you describe the manner in which it was on the floor at that place?" A. "They were black spots ranging in size from about six inches long and two inches wide and one sixteenth of an inch in thickness, varying sizes from that maximum down to small circles about the size of a dollar or half dollar in circumference." Q. "How was it [a spot six inches by two inches by one sixteenth of an inch] attached to the floor?" A. "It was a sticky substance stuck to the floor." Q. "Do you remember the color on top?" A. "It was dark brown. . . . Almost black." Q. "Did you take it up in your hand or anything like that, or what did you do?" A. "I picked at it with my finger nails and found it a very sticky substance." The evidence was admissible, if for no other purpose, to identify the substance upon which the plaintiff fell, which was a matter for the jury to determine. It was not rendered inadmissible because there were many people in the store, or because it was rainy, and it did not cease to be competent because the judge later instructed the jury that they might consider this evidence in determining whether the substance had been on the floor long enough to have been discovered and removed.

4. The motion for a directed verdict was rightly denied. If the substance upon which the plaintiff slipped had been on the floor since Christmas time, it is too clear for discussion that the defendant had had a reasonable opportunity to discover and remove it. *White* v. *Mugar,* 280 Mass. 73. *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143. See *Bagdikian* v. *Worcester,* 318 Mass. 707.

The defendant contends that the motion should have been

granted by reason of the plaintiff's answer to interrogatory 22, to the effect that she had first observed the cause of her injury after she fell, taken in connection with her testimony that she could not read but told the truth when she signed the answers by mark. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 406. Interrogatory 22, however, was open to the interpretation that it was directed to what the plaintiff observed on the day of her injury. The judge's charge in this respect was sufficiently favorable to the defendant. [1] There was also no necessary inconsistency between the plaintiff's testimony that she had taken one step uphill and that her foot slipped before she got to the ramp and she fell on to the ramp, on the one hand, and her answer to interrogatory 20 that she was on the incline when her injury occurred. Nor could it be said that the plaintiff elected to be bound by one rather than by the other.

5. There was error, however, in the charge. After leaving it to the jury to say whether the substance had been on the floor since Christmas time, the judge also instructed the jury: "The plaintiff described the color and appearance and certain testimony was offered as regards its being black and brown stuff on the bottom, and sticky, and a description of the length and width and the thickness, how it appeared after she saw it immediately following the fall on the floor. You have a right to consider that evidence and say [what] was the character of the substance as described by her and also as described by the engineer . . . does that assist you in saying it was there for a sufficient length of time to have been discovered and removed?" We are of opinion that the evidence referred to does not permit such an inference. As the nature of the substance is not disclosed, no such conclusion might be drawn from the fact that it was black on top and brown on the bottom. It cannot be inferred that the color of the unknown substance

---

[1] "If there is inconsistency between the answers given orally from the witness stand and answers given in interrogatories and the witness adopts one or the other as the testimony upon which the witness stands finally, then the witness is bound by that answer. In other words, if the witness adopts finally an answer then that eliminates the issue of controversy as to which would be accepted by the jury and the jury would be required to adopt the one which the witness says he has adopted finally."

was originally brown and had turned black, or vice versa. And if it had, there is nothing from which to draw a deduction as to the length of time required for the process. The substance would seem to have been homogeneous and uniformly sticky throughout, and there was no encrusting or hardening of the surface. While the application of the governing rule of law calls for close refinements, we think that this aspect of the present case falls within the authority of *Cartoof* v. *F. W. Woolworth Co.* 262 Mass. 367, *Sisson* v. *Boston Elevated Railway*, 277 Mass. 431, *Johnson* v. *Warner Bros. Circuit Management Corp.* 301 Mass. 348, *Beach* v. *S. S. Kresge Co.* 302 Mass. 544, *Smail* v. *Jordan Marsh Co.* 309 Mass. 386, and *Mandigo* v. *Hamid Amusement Co. Inc.* 317 Mass. 225; and not that of *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, *Manell* v. *Checker Taxi Co.* 284 Mass. 151, *Connair* v. *J. H. Beattie Co.* 298 Mass. 550, *Zanes* v. *Malden & Melrose Gas Light Co.* 298 Mass. 569, *Bavosi* v. *Interstate Theatres Corp.* 307 Mass. 124, and similar cases cited by the plaintiff.

*Exceptions sustained.*