JOSEPHINE WHYNAUGHT *vs.* S. S. KRESGE COMPANY. June 1, 1946. Exceptions overruled. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff, a customer in one of the defendant's stores, by reason of her slipping upon a substance on the floor of one of the aisles of the store. A verdict for the plaintiff was recorded subject to leave reserved but, upon motion of the defendant, a verdict was entered for the defendant. The plaintiff excepted. There was no error. There was evidence that the plaintiff slipped upon a substance on the floor of the aisle and sustained personal injuries. And there was evidence as to the nature, quantity, location and appearance of the substance. But there was no evidence that the substance came upon the floor of the aisle as a result of any act or negligence of any of the defendant's employees or that any of them saw it before the accident. And the evidence would not have warranted a finding that the substance had been upon the floor of the aisle for so long a time that the defendant's employees in the exercise of reasonable care should have seen it and removed it or guarded the plaintiff against harm therefrom. See *Norton* v. *Hudner,* 213 Mass. 257; *Renzi* v. *Boston Elevated Railway,* 293 Mass. 228; *Tariff* v. *S. S. Kresge Co.* 299 Mass. 129; *Manning* v. *Smith,* 299 Mass. 318; *Smail* v. *Jordan Marsh Co.* 309 Mass. 386; *Mandigo* v. *Hamid Amusement Co. Inc.* 317 Mass. 225; *DiAngelo* v. *United Markets Inc.* 319 Mass. 143, 148–149, and cases cited in these cases. The case is distinguishable from *Anjou* v. *Boston Elevated Railway,* 208 Mass. 273, and *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, relied on by the plaintiff.

*M. K. Campbell,* for the plaintiff, submitted a brief.

*J. W. White,* for the defendant.