MADALON E. TAYLOR, APPELLEE, v. J. M. McDONALD COMPANY, A CORPORATION, APPELLANT.

56 N. W. 2d 610

Filed January 16, 1953. No. 33205.

*Stiner & Boslaugh,* for appellant.

*Anderson, Storms & Anderson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action to recover damages for personal injuries sustained by plaintiff on April 4, 1950, when she fell on the floor in one of the aisles of defendant's department store while patronizing the store as a customer. The jury returned a verdict for the plaintiff in the amount of $1,250. The defendant appeals.

The evidence shows that plaintiff entered the store at the south entrance at the west side of the building. She proceeded north in the west aisle of the store. A number of 10-foot counters extended practically the full length of the building on the west side of the aisle and the east side was occupied by a number of tables placed end to end, each of which was about eight feet in length with approximately three-foot spaces between them. The aisle was about four feet wide. Plaintiff testified that as she proceeded north the floor of the aisle appeared normal and that she saw nothing on the floor that appeared to be hazardous. She stopped at the third counter on the west side and made a purchase. She accompanied the clerk across the aisle to the wrapping counter and, after receiving her merchandise and paying for the same, she turned and started down the aisle towards the south store entrance. As she did so her foot slipped, which threw her against the first table with such force that she was thrown against the counter on the west side of the aisle and finally fell, striking her face

against the second table south on the east side of the aisle. She was helped to her feet by employees in the store, at which time she observed gum on the heel of her left shoe. She says she felt her foot stick on something and that the gum on the heel of her shoe was sticky. She suffered injuries which are described in the record. We shall not describe them here for no objection is made to the amount of the verdict if liability is established under the law and the evidence.

The janitor of the building testified that he found a wad of gum near the spot where he was told that appellee fell, which he described as being as large as a half dollar and one-quarter inch in thickness. He said: "It seemed to be broken off a little bit like somebody had skuffed over it or something, or hit it with her foot." He further stated that he scraped up the gum, that it was dry underneath, and that it was sort of greasy and slick-like. He testified further that the gum had been oiled over and that the oil had not penetrated to the floor.

The store manager testified that he talked with appellee before she left the store and that she then informed him that she had slipped on some gum. The clerk who waited on appellee testified that there was no gum at the point where appellee said she slipped. The store manager saw the gum on appellee's shoe and on the floor. He was unable to state at what point on the floor the gum was found.

The store manager testified that the floors were mopped with a commercial preparation, sometimes every six weeks and sometimes as far apart as two or three months. The floor had not been treated for at least two weeks. The gum in question had been mopped over so that it had been there at least two weeks. The oil preparation had not penetrated through the gum to the floor, as the floor was dry when the gum was removed. The evidence is in conflict as to the thickness and quantity of gum that was found on the floor. There

was no general practice regarding the removal of gum from the floor, the janitor testifying that he removed it only as he found time to do so. There was evidence of the custom of operators of similar stores regarding the removal of gum from floors. No uniformity of practice was established, the evidence being very conflicting. There was evidence by such operators that persons had been known to slip and fall on gum deposits on similar floors. There was also evidence by equally experienced operators that they had never heard of anyone falling because of slipping on a gum deposit. There was also evidence that large gum deposits on floors were generally considered to be hazardous.

A person who enters a retail store for the purpose of making a purchase is an invited guest within the legal meaning of that term. The owner of such a store is required to maintain it in a reasonably safe condition for customers. A customer is an invitee and the owner must exercise reasonable care to keep the building reasonably safe for his use, but the owner is not an insurer against accident. Rogers v. J. C. Penney Co., 127 Neb. 885, 257 N. W. 252; Rankin v. J. L. Brandeis & Sons, 135 Neb. 86, 280 N. W. 260.

The only question presented by this appeal is whether there was sufficient evidence of negligence on the part of the defendant to sustain the action of the trial court in submitting the case to the jury. The rule is that, where different minds may reasonably draw different conclusions from the evidence as to whether or not they establish negligence, the issues are for the jury. In Markussen v. Mengedoht, 132 Neb. 472, 272 N. W. 241, we stated the rule in the following language: "All that plaintiff was required to do was to establish, to a reasonable probability, that the accident happened in the manner alleged in his petition, and where facts and circumstances are established from which the way the accident happened could be logically inferred, it was not error to submit that issue to the jury." Circumstantial

evidence may properly be considered by the jury in connection with the direct evidence offered in determining if the defendant was negligent and, when controlling rules of law are properly complied with, circumstantial evidence alone may be sufficient to sustain a verdict. Scarborough v. Aeroservice, Inc., 155 Neb. 749, 53 N. W. 2d 902. Nor is a plaintiff required to exclude the possibility that the accident might have happened some other way. Fonda v. Northwestern Public Service Co., 138 Neb. 262, 292 N. W. 712. In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party. Stolting v. Everett, 155 Neb. 292, 51 N. W. 2d 603. A judgment and verdict will not be reversed when the record discloses that there was competent evidence to sustain the finding of the jury. Kunkel v. Cohagen, 151 Neb. 774, 39 N. W. 2d 609.

Applying the foregoing rules, we are required to accept the findings of the jury that there was a wad of gum on the floor where appellee slipped. There was gum on the heel of her shoe and the evidence shows that the gum was scuffed over like someone had hit it with his foot. That appellee fell in some manner is not disputed and no other cause is shown or attempted to be shown in the record.

The cases in this jurisdiction readily divide themselves into two classes. The first class consists of those cases where it was claimed the accident resulted from inadequate lighting, permitting the existence of conditions of a permanent nature that were inherently hazardous, and situations of similar import. In this class of cases are: Broadston v. Beddeo Clothing Co., 104 Neb. 604, 178 N. W. 190; Long v. Crystal Refrigerator Co., 134 Neb. 44, 277 N. W. 830; Pierce v. Burlington Transportation Co., 139 Neb. 423, 297 N. W. 656; and Bowerman v. Greenberg, 142 Neb. 721, 7 N. W. 2d 711. The second class consists of those cases where foreign substances on the floor used by customers created a hazardous con-

dition. Among the cases falling within this classification are Glenn v. W. T. Grant Co., 129 Neb. 173, 260 N. W. 811, where recovery was permitted for injuries suffered from a fall on an excessively and improperly oiled basement floor in defendant's store; and Rankin v. J. L. Brandeis & Sons, *supra,* where recovery was allowed for injuries sustained when the plaintiff slipped on water and soap left on a tiled floor in defendant's store. The first class of cases has no application to the one before us.

The appellant contends first that, even if it can be said that defendant was negligent in permitting the wad of gum to be on the floor, there was no evidence that the negligence of the defendant was the proximate cause of the injury. It is true that appellee testified that she slipped on something which precipitated her fall. She does not testify that she saw any gum on the floor, although she saw it on the heel of her shoe after the accident. But there was evidence that there was gum on the floor, which had the appearance of someone having scuffed over it. The evidence as to proximate cause need not be supplied wholly by the person injured. We think that the evidence of gum on the shoe immediately following the accident, and the evidence of gum on the floor indicating that it had been scuffed over, together with the fact that appellee did fall, is sufficient evidence from which the jury could logically infer that the gum on the floor was the proximate cause of the accident. It is contended, however, that there is evidence in the record that there was no gum on the floor at the point where plaintiff slipped. It is true that the evidence on this point is in conflict, but the jury evidently resolved this question in favor of the plaintiff. We are bound by this finding by the jury on conflicting evidence on appeal.

We think the most important question raised by this appeal is whether or not the deposit of gum on the floor of defendant's store, under the circumstances shown by

the record, was sufficient to submit the question of defendant's negligence to the jury.

There is evidence in the record to the effect that the chewing gum in question was dark in color, flattened out on the floor as if it had been walked over, and bore indications that it had been mopped over in the application of the commercial floor preparation used on the floors of the store. The evidence shows that the floors had not been treated for at least two weeks, so it is conclusively established that the gum had been on the floor for at least that period of time. The oil preparation had not penetrated through to the floor, so it can be reasonably assumed that the surface of the gum deposit was not of the same texture as the bottom.

The habits of the public in dropping deposits of chewing gum in public places is well known. We do not think that the owner of a store is required to follow customers about his store to gather up gum and other debris cast away by invitees to his place of business. To place such a burden upon a store owner would make him an insurer of the safety of his customers. It is the general rule that a merchant who expressly or impliedly invites people to come into his store must use reasonable care to keep the premises in a safe condition. When the condition complained of results from the conduct of the public itself, a merchant can be held subject to liability only for a negligent omission on his part to remove the hazard created after he knows of it, or by the exercise of reasonable care should have known of its existence. We have not overlooked the rule that knowledge of the hazardous condition is not a necessary element of negligence where the condition was created by the owner of the premises as stated in Rogers v. J. C. Penney Co., *supra.* But such is not the rule where the hazardous condition is created by invitees themselves. We conclude, however, that the gum deposit had been on the floor a sufficient length of time to warrant the jury in finding that defendant was negligent, under all the circumstances

shown, in not discovering and removing the gum. Zanes v. Malden & Melrose Gas Light Co., 298 Mass. 569, 11 N. E. 2d 498; Connair v. J. H. Beattie Co., 298 Mass. 550, 11 N. E. 2d 499; Bavosi v. Interstate Theatres Corp., 307 Mass. 124, 29 N. E. 2d 688.

In Hudson v. F. W. Woolworth Co., 275 Mass. 469, 176 N. E. 188, the court in a case similar in principle said: "A finding that the plaintiff's injury was caused by a piece of candy on the floor of the store was warranted. The evidence of the appearance of the candy and its sticking to the floor, and of the appearance of the floor under and around it, warranted a finding that the candy had been on the floor such a period of time that in the exercise of reasonable, (sic) care to keep the premises in safe condition for use by customers, the defendant should have found and removed it. There was something on which to base a conclusion that the candy had not been dropped a moment before by a customer." See, also, Foley v. F. W. Woolworth Co., 293 Mass. 232, 199 N. E. 739.

We conclude that the evidence is sufficient to sustain a finding by the jury that plaintiff slipped on a wad of chewing gum on the floor which had been there for such a period of time that, in the exercise of reasonable care to keep the premises in safe condition for use by customers, defendant should have found and removed it.

AFFIRMED.