*Municipal Court of the City of Boston*

No. 346876

**LOUISA COLLETTI**

v.

**WM. FILENE'S SONS COMPANY, INC.**

(September 2, 1953)

*Roberts, J.* This is an action of tort for injuries sustained by the plaintiff when she fell in the defendant's store. The following is a summary of all

the evidence most favorable to the plaintiff's cause:

On August 7, 1952, at about 2 P.M., the plaintiff entered the defendant's store in Boston from Washington Street. Two companions preceded her down a flight of stairs leading to the basement store and when the plaintiff reached the third step from the bottom she fell forward, landing on a platform at the bottom of the stairway and was injured. She was assisted to her feet by her companions, and while none of them observed the cause of her fall prior thereto, they all observed *a piece of gum* on the third step from the bottom of the stairs. The gum was described as being "black and dirty". The step itself was also "dirty" and the "piece of gum was flattened out and about one and one-half inches in diameter". One of the companions observed that the gum had "dirt in it". The center of the piece was "stringy" where it had been partly pulled away and there was some gum on the sole of the plaintiff's shoe near the toe.

One Cannon employed as a porter by the defendant on the date of the accident testified that as a part of his duties he inspected the stairway at various intervals during the day and swept it three times a day. He said he inspected the stairs at 1:30 P.M., and again at 2:15 P.M., picking up a few papers, but at none of these times did he observe any gum on the stairs.

The plaintiff has a finding for damages and the report before us concerns the denial of three requests for rulings made by the defendant. No question is raised as to the status of the plaintiff who was injured while a business invitee upon the premises of the defendant's retail store. Nor can there be any question as to the duty owed the plaintiff by the defendant under the circumstances. She was upon the premises at the invitation of the defendant. *Kelley v. Goldberg,* 288 Mass. 79, at 81. However, it is the contention of the defendant that the evidence offered by the plaintiff falls short of that required under the law

and the defendant's requests for rulings squarely raise this fundamental question. The problem here has been adequately covered by our decisions and the defendant's requests that the evidence did not warrant a finding that the defendant failed to exercise reasonable care, should have been given.

There is no evidence here as to how the gum happened to be on the stair and there is no indication that it was placed there by one for whom the defendant would be legally responsible. The case is clearly distinguishable from *White v. Mugar*, 280 Mass. 73; *Wetmore v. McLellan Stores Co.*, 315 Mass. 443. Likewise, there is nothing in the description of the substance upon which the plaintiff fell—a piece of gum, stringy in the center, which was black and dirty and flattened to a diameter about one and one-half inches, on a dirty step—which would permit an inference that the substance had been upon the stairway for a considerable period of time. *Smail v. Jordan Marsh Co.*, 309 Mass. 386; *Beach v. S. S. Kresge Co.*, 302 Mass. 544. It seems obvious that these facts do not bring the case within the authority of *Anjou v. Boston Elevated Railway*, 208 Mass. 273.

Finally it appears from the report that there were doors between the basement store and the stairway and bottom platform so that it is therefore unlikely that this area was within the clear view of the defendant's employees as they did their work. *Foley v. F. W. Woolworth Co.* 293 Mass. 232; *Newell v. Wm. Filene's Sons Co.* 296 Mass. 489, at 490.

The facts of this case more clearly resemble those of *Mandigo v. Hamid Amusement Co., Inc.* 317 Mass. 225. Accordingly, the evidence here is insufficient to warrant a finding for the plaintiff. *Foley v. Hotel Touraine Co.*, 326 Mass. 742.

> *Finding for the plaintiff vacated*
> *Judgment for the defendant.*

Joseph A. DeGuglielmo, for the plaintiff.

Merritt J. Aldrich and Leo J. Hession, for the defendant.