Welsh, J.
Shaw’s Supermarkets, Inc. (“Shaw’s”) appeals from a judgment in which the trial judge found for the appellant, Alicia Slanzis Webber (‘Webber”), for personal injuries sustained when she slipped and fell on a grape in a supermarket The trial judge, sitting without a jury, found in relevant part that Webber was walking with her daughter in the frozen foods department when she slipped and fell. After falling, Web-ber noticed several grapes on the floor in the vicinity where she fell. She observed a crushed grape which had a brown liquid color and dried brown portions around its edges. The trial judge inferred from these circumstances that Webber had slipped on a grape and that the grape had been present on the floor of the store for a considerable period of time. The supermarket was a large store with many employees. Based on this evidence, the trial judge concluded that the grape was present on the floor long enough that Shaw’s employees reasonably should have been aware of the situation and taken steps to clean the area before Webber’s fall. We reverse.
*5 The number of cases involving a slip and fall on foreign substances that have received the attention of the appellate courts is truly legion. The various and subtle combinations of circumstances that might warrant a finding for an injured plaintiff or require a finding for the defendant who owns or controls commercial premises are perplexing and sometimes difficult to reconcile. The following canvassing is offered as a sampler of cases in this often litigated field: Wyman v. McLellan Stores Co., 315 Mass. 117 (1943) (evidence that customer slipped and fell near a vegetable counter on a peapod described as “crushed, ragged and dirty” with no pea inside held not sufficient to hold store owner liable); Caro v. F.W. Woolworth Co., 342 Mass. 155 (1961) (evidence that store customer fell when she slipped on “something very sticky, irregular in color, caked around the edges” and described as looking like “some sort of cosmetic cream that had fallen and dried up there” held insufficient to permit finding for plaintiff); Newell v. Wm. Filene’s Sons Co., 296 Mass. 489 (1937) (evidence of slip and fall by store customer on substance described as “half an orange,” “black,” “dirty” and “gritty” showing heel marks not made by plaintiffs shoes held insufficient to support liability by defendant); Kelleher v. Dinis, Inc., 331 Mass. 217 (1959) (evidence as to appearance of dirty “stepped on” vegetable matter not sufficient to hold defendant liable); Rioux v. McLellan Stores Co., 337 Mass. 768 (1958) (slip and fall caused by “sticky substance” which looked like caramel candy in aisle opposite to candy counter “well-crushed with some dirt in it” not sufficient to impose liability); Sisson v. Boston Elevated Railway, 277 Mass. 431 (1931) (fall on substance that looked like an old apple, “black, dirty and covered with grime” and appeared to be trampled upon, entirely dry except where plaintiff’s toe had slipped on it held insufficient for finding of liability); finally, Manning v. Smith, 299 Mass. 318 (1938) (evidence of a fall on substance having the appearance of cat vomit, crusty on the sides, about the size of two palms caked on stairs held insufficient to establish liability).
In contrast, the cases which found there were sufficient circumstances to affix liability are not as numerous and are often difficult to reconcile with factually similar cases denying liability. In Anjou v. Boston Elevated Railway, 208 Mass. 273 (1911), it was held that a fall on a banana peel which was entirely black which felt dry and gritty, flattened out and giving the appearance of being trampled upon a great deal permitted inference of negligence. In Connair v. J.H. Beattie Co., 298 Mass. 550 (1937), evidence of a fall on a clotted mass of mingled wax beans and strawberries the size of a palm of a man’s hand and a quarter inch thick which appeared flattened and trodden down, the wax beans being dirty brown and the strawberries black in color, and when the mass was dislodged (lie floor under it appeared cleaner than the rest of the floor permitted an inference of negligence. In several cases, the added circumstance that the floor underneath the foreign substance was cleaner than the rest of the floor was a significant factor. See Hudson v. F.W. Woolworth Co., 275 Mass. 469 (1931). Compare Smail v. Jordan Marsh Co., 309 Mass. 386 (1991) (evidence that candy on which plaintiff slipped and fell was dirty and that floor around candy at place of skid mark was dirty and that floor under candy was clean was held insufficient to show candy had been on the floor a sufficient length of time to put defendant on notice.)
We determine that the evidence in this case did not warrant an inference that the grape which caused the plaintiff’s fall had been on the floor a sufficient time that defendant should have known of its presence and taken action to remove it The fact that the grape was crushed and had a brown liquid appearance with dried brown portions around its edges is insufficient to permit the inference of how long the offending grape laid there on the floor before the plaintiffs unfortunate encounter with it The grape may have been overripe when it was on the shelf or in the fruit bin, accounting for its color. The dried edges does not establish in this case the length of time. This case is factually similar to cases like Morse v. Stop & Shop Supermarket Co., 2001 Mass. *6 App. Div. 159 (fall on grapes that were dirty, wet and slippery with many shoe imprints insufficient to establish length of time for liability) and Jackson v. Shaw’s Supermarkets, Inc., 2001 Mass. App. Div. 157 (fall on cherry pit). The added circumstance that the edges were dry was not sufficient to permit an inference of belief.[1]
We vacate the judgment for the plaintiff and order the entry of judgment for the defendant.
So ordered.

 Although the judge found that there were many employees in the store, he did not find that any were proximate to the location of the fall or that the location was in plain view of any employees.