AUGUST CORREIRA *vs.* ATLANTIC AMUSEMENT COMPANY, INC.

Bristol.    November 9, 1938. — December 31, 1938.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Negligence*, Theatre, Contributory.

Evidence that, to the knowledge of an usher in a theatre, water tracked in by patrons had collected for over an hour and a half in a puddle four feet long and two and one half feet wide on the hard rubber tiling, which was slippery when wet, of a landing on a stairway and that the plaintiff slipped on it and was injured, warranted a finding of negligence for which the proprietor of the theatre was responsible; and the mere fact that the plaintiff noticed the water "just before" he stepped on the wet landing did not require a ruling that he was guilty of contributory negligence.

TORT.    Writ in the Superior Court dated August 17, 1936.

Before *Hurley*, J., a verdict was returned for the plaintiff in the sum of $315.   The defendant alleged exceptions.

The case was submitted on briefs.

*I. S. Levin*, for the defendant.

*H. E. Clarkin & J. T. Farrell*, for the plaintiff.

DOLAN, J.   This is an action of tort to recover compensation for personal injuries sustained by the plaintiff while a patron in the theatre owned and operated by the defendant.   The case was tried to a jury, which returned a verdict for the plaintiff, and now comes before us on the defendant's exceptions to the denial of its motions for a directed verdict, and for the entry of a verdict in its favor under the leave reserved by the judge.

The evidence tended to show the following facts:   On February 9, 1936, at about 3:30 P.M. the plaintiff, having purchased tickets of admission to the theatre in question for himself and his nephew, proceeded through its main lobby and ascended a flight of stairs leading to a balcony. The defendant's usher, who was stationed about six feet away from the landing at the head of these stairs, informed the plaintiff that no seats were available in that balcony,

and the plaintiff then went up a second flight of stairs leading to an upper balcony. Finding no vacant seats he came down those stairs intending to leave the theatre, and proceeded to the landing at the head of the flight of stairs first referred to, where he then noticed that water had collected. He stepped on the water collected on the landing, slipped and fell, sustaining personal injuries.

On the day of the accident it had been raining, "with some snow and sleet and the streets were wet and slushy." The plaintiff was wearing rubbers, and "tracked water into the theatre as did other patrons." On the landing where the plaintiff fell there was a wet area about two and one half feet wide by four feet long, and of such a depth that a movement of the foot would cause a "splash." The defendant's usher had observed the water collecting there for over an hour and a half before the accident occurred. After the plaintiff fell it was necessary to "brush" the water from his overcoat. The landing involved was overlaid with hard rubber tiling which was slippery when wet. The water collected there had been tracked in by the patrons of the theatre.

The defendant owed a duty to the plaintiff, as an invitee, to exercise ordinary care and diligence to maintain the theatre in a reasonably safe condition, or "at least to warn . . . [him] against any dangers attendant upon the use of the premises which were not known to . . . [him] or obvious to any ordinarily intelligent person and either were known or in the exercise of reasonable care ought to have been known to the defendant." *Rynn* v. *Fox-New England Theatres, Inc.* 299 Mass. 258, 259. *Hale* v. *McLaughlin,* 274 Mass. 308, 310. *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346, 347. *Stager* v. *G. E. Lothrop Theatres Co.* 291 Mass. 464, 465. *Johnson* v. *Warner Bros. Circuit Management Corp.* 301 Mass. 348, 350. The evidence as to the area and depth of the puddle of water on the hard, smooth landing and the evidence that when wet the landing was slippery warranted a finding that it was in a dangerous condition. *Judson* v. *American Railway Express Co.* 242 Mass. 269, 271. Compare *Rosenthal*

v. *Central Garage of Lynn, Inc.* 279 Mass. 574; *Tariff* v. *S. S. Kresge Co.* 299 Mass. 129.

The water was in full view of the defendant's usher, who saw it collecting on the landing for at least an hour and a half prior to the accident and knew that when wet the landing was slippery. In these circumstances the jury could have found that the defendant had knowledge of the dangerous condition. *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 233–234. *Connair* v. *J. H. Beattie Co.* 298 Mass. 550, 551. Compare *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489, 490; *Manning* v. *Smith*, 299 Mass. 318, 320; *Johnson* v. *Warner Bros. Circuit Management Corp.* 301 Mass. 348. Considering the size and location of the "puddle," the length of time of its existence to the knowledge of the defendant's employee, and the comparative ease with which it could have been removed, the jury would have been warranted in finding the defendant negligent in permitting the dangerous condition to continue up to the time that the plaintiff sustained his injuries, or in not warning the plaintiff of the condition. *Tack* v. *Ruffo*, 263 Mass. 487, 488. *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234, and cases cited. Compare *Kiley* v. *New York, New Haven & Hartford Railroad*, 301 Mass. 570.

The fact that the plaintiff first noticed the collection of water "just before he fell" is not conclusive evidence that he was guilty of contributory negligence. Knowledge of the presence of a condition that is liable to cause a person to slip in attempting to pass over it does not require a ruling that one injured in attempting to pass over the slippery place is precluded from recovery by negligence. *Frost* v. *McCarthy*, 200 Mass. 445, 448, and cases cited. "One is not negligent unless he takes greater risks than a man of ordinary prudence would take in a like situation." *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50, and cases cited. The questions of the defendant's negligence and of the plaintiff's due care were properly submitted to the jury. *Winship* v. *Boston*, 201 Mass. 273, 275. *Barton* v. *Boston*, 301 Mass. 492.

*Exceptions overruled.*