Nos. 2924, 2925 Northern Middlesex, ss.

FAIN (George Broomfield
v. LOPAZ (W. J. Conboy)

From the District Court of Newton—Weston, J.

Argued May 19, 1941—Opinion Filed June 18, 1941

WILSON, J. (Jones, P.J., & Henchey, J.)—These were actions of tort tried and argued together; one against the owner, Felix Lopaz, and the other against the driver, Vincent Lopaz, of a motor truck.

There was evidence tending to show that the plaintiff was operating his automobile in North Attleborough, Mass., going

in the direction of Providence, Rhode Island; that the defendant, Vincent Lopaz, was there operating a motor truck, and engaged in the business of his brother, the defendant Felix Lopaz, for whom he worked. At the time of the accident the truck was headed toward Boston. A police officer, standing at the side of the road, heard a loud "snap" and saw a spare wheel weighing three hundred or four hundred pounds shoot out from underneath the defendant's truck, where it was carried, in a horizontal position, on a carrier made for that purpose, stand erect, roll down the road, and crash into the plaintiffs car which was then about seventy-five feet from the truck. The plaintiff sustained injuries and his car was damaged. The spare wheel, after striking the car of the plaintiff, turned and rolled one hundred and seventy-five feet farther down the road, missed the police officer, knocked down a mail box, and came to a stop in a field. The spare wheel was carried in a carrier which was a frame into which the wheel fitted, and was held in place by a bolt passing through the hub of the wheel and through a metal plate fitting over the tire and fastened by a nut secured on the lower end. Several hours before the accident, while the defendant, Vincent Lopaz, was operating the truck, one of the tires blew out. He took off the wheel and replaced it with the spare wheel then in the carrier, placing in the carrier the wheel with the blown-out tire. He put the bolt on in the usual way and screwed the nut tight with a hand wrench. After the accident the plate, bolt and nut were not found.

The court, after findings of fact substantially as heretofore stated, disposed of the plaintiff's requests as follows:

"I find the truck was properly registered in the name of the defendant, Felix Lopaz.

"I find there was no evidence of negligence on the part of the defendant, his agents or servants.

"I therefore find for the defendant in both cases.

"The plaintiff filed six requests for rulings. Of these, I give the second and sixth and I decline to give the others.

"I decline to give the first and fourth because I find that the defendant's truck was properly registered.

"I decline to give the third because I find as a fact that the defendant was not negligent.

"I decline to give the fifth because there was no evidence that the tire was not properly put on or that it was not adequately inspected."

The first question for our decision is whether the truck was properly registered in compliance with the provisions of G. L. c. 90, p. 9, as amended by Stat. 1934, c. 361. It was conceded, in behalf of the plaintiff, at the argument before us, that the trial judge was justified in finding that the truck was registered in the name of the owner, the defendant Felix Lopaz, but it was argued, in his behalf, that the registration thereof was invalid because the application incorrectly stated the residence of the defendant, Felix Lopaz, to be 691 Moody Street, while his

true residence was on Bright Street, both in Waltham. It could have been found that his business address was at 691 Moody Street.

On this issue it is to be noted that the trial judge found with respect to the registration of the truck that "the truck was properly registered in the name of the defendant, Felix Lopaz."

· Such a general finding imports a finding of all subsidiary facts and the drawing of all permissible inferences essential to that conclusion. *Nicoli* v. *Berglund,* 293 Mass. 426, 428, and cases there cited. See, also, Stat. of 1934, c. 361.

In construing this statute in a case where the residence of the applicant was incorrectly stated but in place of the correct residence the place of business was stated, it was said in *Mac-Innis* v. *Morrissey,* 298 Mass. 505, 508:

"In this connection the word 'mistake' has the same meaning as when used in the provision relating to the 'engine, serial or maker's number,' which had been incorporated in the statute by St. 1928, c. 187, p. 1. The word 'mistake' so used was defined in *Brown* v. *Robinson,* 275 Mass. 55, 58, as including only 'complete honesty of purpose accompanied by blameless oversight or ignorance of facts.' See, also, *Emeneau* v. *Hillery,* 282 Mass. 280, 284. There is nothing in the evidence to show any lack of 'complete honesty of purpose' on the part of the plaintiff. And a finding was not precluded that, so far as there was any misstatement of the plaintiff's residence in the application, it was due to 'blameless oversight or ignorance.' "

We think the rule there stated is applicable to the instant case and the trial judge was right in refusing the plaintiff's first request. See, also, *LeBlanc, Admx.* v. *The Cutler Co.* Mass. Adv. Sh. (1940) 349 (24 BTL 221).

The finding that the registration was legal and proper imports a finding of the subsidiary fact that the mistake in stating the residence of Felix Lopaz in his application for registration of the truck was due to "oversight or ignorance."

Because of the specific findnig of the trial judge on the legality of the registration, he was not required to give the plaintiff's fourth request. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455.

The rule there stated is also applicable to the plaintiff's third and fifth requests, unless a finding of negligence on the part of either of the defendants is required as matter of law. Whether the defendants, or either of them, were negligent is commonly a question of fact for the trial court. *Joyce* v. *New York, New Haven N Hartford,* 301 Mass. 351. The plaintiff is clearly concluded in that regard as against the defendant, Vincent Lopaz, by the finding of the trial court that when he replaced the spare wheel "He put the bolt on in the usual manner and screwed the nut up tight, using a wrench . . . I find there was no evidence of negligence on the part of the defendant, his agents or servants."

The plaintiff argues that the doctrine of *res ipsa loquitur* is

applicable to the case at bar. That doctrine was stated in *Garrett* v. *M. McDonough Co.* 297 Mass. 58, 60, in the following language:

"The doctrine of *res ipsa loquitur* applies where the conditions are such that a fair minded man would say that if the instrument of injury . . . had been properly examined before the accident, in all probability the accident would not have happened. The doctrine when applicable establishes, not a *prima facie case,* but one where, in the absence of explanation, the inference of negligence from the happening of the accident is warranted. That is to say, the doctrine means nothing more than that the facts of the injury are sufficient to warrant an inference of negligence, but are not such as require the jury, or a judge sitting without a jury, to find negligence in fact."

We cannot say the doctrine is not applicable to the case at bar, but in any event the trial judge was not "required to find negligence as a fact."

We are of the opinion that the report discloses no prejudicial error and it is dismissed as to each defendant.