JOSEPH CORBETT *vs.* HOWARD C. DAVIS. November 12, 1941. Order of
Appellate Division affirmed. By this action of tort for negligence brought in
a District Court the plaintiff sought to recover compensation for personal
injuries. The trial judge found for the plaintiff, making specific findings of
fact and denying various requests of the defendant for rulings, including a
ruling that there "is no evidence of negligence on the part of the defendant."
There was a report to the Appellate Division which ordered the finding for
the plaintiff vacated and judgment entered for the defendant. The plaintiff
appealed to this court. The Appellate Division was right. The ruling re-
quested here specifically referred to should have been given. See *Haley* v.
*Case*, 142 Mass. 316, 322; *McCann* v. *Central Construction Co.* 218 Mass. 595,
596; *Mohammed* v. *New York, New Haven & Hartford Railroad*, 290 Mass.
219, 223. If it had been given it would have disposed of the case in favor of
the defendant. It is therefore unnecessary to consider other matters argued.

*J. V. Smith*, for the plaintiff.

*E. J. Sullivan*, for the defendant.

JENNIE A. ROGERS *vs.* UNITED MARKETS, INC. November 13, 1941.
Order dismissing report affirmed. This action of tort for negligence was
brought in a District Court to recover compensation for personal injuries
sustained by the plaintiff. The trial judge found for the plaintiff and denied
all the defendant's requests for rulings. By these requests the defendant
sought, in substance, rulings that the evidence did not warrant a finding of
negligence on the part of the defendant, but required a finding that the
plaintiff was guilty of contributory negligence. A report to the Appellate
Division was dismissed, and the defendant appealed to this court. The evi-
dence clearly warranted findings that the plaintiff was in the defendant's
store, or market, as a business visitor, for the purpose of buying bread;
that, when the plaintiff was leaving the premises, she was injured by being
struck by a swinging door at the entrance; and that this door had been
propped back but was released by a man who was "stooping down" at the
door as the plaintiff approached. There was evidence that this man "wore
a white coat wore no hat . . . and that the plaintiff had seen this same man
in and about the store on previous occasions when she had visited the store."
From this evidence, in connection with the nature of the premises and the
position and act of the man described, an inference was warranted that he
was a servant of the defendant acting within the scope of his employment in
releasing the door. See *Heina* v. *Broadway Fruit Market, Inc.* 304 Mass.
608, 609–610. Upon all the evidence it could have been found that the de-
fendant was negligent. See *Norton* v. *Chandler & Co. Inc.* 221 Mass. 99;
*Nersiff* v. *Worcester County Institution for Savings*, 264 Mass. 228; *Promisel*
v. *Hotels Statler Corp.* 286 Mass. 15. *Callaghan* v. *R. H. White Co.* 303 Mass.
413, is distinguishable. A finding that the plaintiff was guilty of contributory
negligence was not required as matter of law.

The case was submitted on briefs.

*M. J. Aldrich & J. G. Leonard*, for the defendant.

*P. Barsh & L. L. Bobrick*, for the plaintiff.