No. 3063 Northern Suffolk, ss.

MYERS (Samuel Kalesky)
v. W. T. GRANT CO. (Record, Dymsza & McCabe)

From the District Court of East Boston—Loschi, J.
Argued January 5, 1942—Opinion filed January 26, 1942

WILSON, J. (Jones, P.J. & Pettingell, J.)—This is an action of tort in which the plaintiff seeks to recover for personal injuries sustained when she fell in the vestibule of the defendant's store. There was a finding for the plaintiff.

The evidence in its aspect most favorable to the prevailing party tended to show that the plaintiff, accompanied by her niece, went to the defendant's store for the purpose of shopping on February 7, 1941; that the sidewalk and street leading to the defendant's store were wet, slippery and muddy; that it had been raining; that there were two doors entering the store; that she entered by the right hand door at about noon and remained in the store twenty-five or thirty minutes. When the plaintiff entered the store, she noticed that the vestibule floor was covered with mud and slime and was very slippery; that the mud and slime were in the center of the vestibule, were about two and one-half feet in width, and extended from the corner of the store to the threshold a distance of about five feet. When she had finished her business she left the store by the same door through which she had entered. As she was leaving and was in the act of putting her foot over the threshold to the vestibule, she slipped and fell; that when she was assisted to her feet, she saw mud and slime on the floor; that it was in the same condition in which it appeared when she entered the store; that the plaintiff slid from the threshold to the corner of the window, near the sidewalk; that there was a mark made by the plaintiff's foot from the threshold to the corner of the store near the sidewalk; that there was mud in the vestibule which started outside and ran into the store. There was also evidence that the defendant employed a porter, whose duty it was to keep the place clean and that he had cleaned it about 8:30 that morning.

In answer to an interrogatory propounded by the defendant, the plaintiff answered that "the threshold was covered with mud and slime and was very slippery, causing me to fall."

The defendant seasonably filed thirteen requests for rulings. The court denied numbers 2, 3, 5, 10, 11, 12 and 13, and made a general finding for the plaintiff.

It is to be noted that all of said requests begin with "there is insufficient evidence to warrant the court in finding." This form of request in effect is a request for the court to rule that as matter of law he must rule as requested. If there was any evidence, on any of the issues covered by said requests, to submit to himself as a fact finding tribunal, he was not only justified in refusing said requests but he was required to do so. See as to this form of request *Millmore* v. *Landau*, 307 Mass. 589.

It was not the form of the requested ruling discussed and explained in *Himelfarb* v. *Novadel Agene Corp.*, 305 Mass. 446. *Home Savings Bank* v. *Savransky*, 307 Mass. 601.

The effect of the refusal by the trial court of the requests now complained of was that the court insisted there was evidence to submit to himself as a fact finding tribunal.

The duty of a storekeeper to an invitee or customer has been stated in *Correira* v. *Atlantic Amusement Co., Inc.*, 302 Mass. 81. See many cases there cited.

It seems to us that the evidence warranted a finding that the defendant was negligent. The slippery mud and slime were on the vestibule floor, which was of tile concrete covering an area estimated to be two and one-half by five feet. It had been raining that morning and the sidewalks were still wet, although it had stopped raining. When the plaintiff entered the store at about noon, the vestibule could have been found to have been in a dangerous condition. It was in the same condition when she came out about one-half hour later. The porter, whose duty it was, had not cleaned the vestibule since 8:30 that morning, although it had been raining.

This evidence warranted a finding that the condition of the vestibule floor was dangerous; that it had remained in that condition long enough so that it ought reasonably to have been known to the defendant and that the porter, whose duty it was to keep the premises reasonably safe for the defendant's customers, was negligent in his duty. *Correira* v. *Atlantic Amusement Co., Inc.*, 302 Mass. 81. It could have been found that the condition of the vestibule floor had been allowed to remain in a dangerous condition for an unreasonable length of time. *Klein* v. *Boston Elevated Railway*, 293 Mass. 238.

Many of the decisions in cases where the plaintiff sustained injuries by reason of the presence of a foreign substance on floors or stairways of the defendant's premises, depend for evidence of the defendant's negligence, solely upon the appearance of such substance. *Newell* v. *Wm. Filene's Sons Co.*, 296 Mass. 489. *Johnson* v, *Warner Bros. Circ. Mange. Corp.*, 301

Mass. 348. *Bavosi* v. *Interstate Theatres Corp.*, 307 Mass. Many others have evidence either as to the length of time the condition has continued or evidence of the negligence of a servant, whose duty it was to keep the premises in a safe condition. *Correira* v. *Atlantic Amusement Co., Inc.*, 302 Mass. 81.

If the defendant's third request is broad enough to permit the defendant to claim the plaintiff guilty of contributory negligence, it is sufficient to say that the burden of such a defense is on the defendant, and whether that burden has been sustained is a question of fact for the trial court. The fact that the plaintiff noticed the dangerous condition of the vestibule floor, when she entered the defendant's store, does not mean that she is precluded from recovery. *Correira* v. *Atlantic Amusement Co., Inc., supra,* and cases there cited.

The court correctly dealt with the defendant's requests for rulings and no prejudicial error appearing, the report is dismissed.