DEMITRA KLIRONOMOS *vs.* RIALTO THEATRE COMPANY, INC.

Suffolk.			March 9, 1950. — March 31, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Negligence*, Theatre, Slippery substance. *Agency*, What constitutes.

Evidence at the trial of an action against the proprietor of a theatre for personal injuries sustained by a patron when, as she was leaving the performance, she slipped on wet wax in the lobby, would have warranted a finding of negligence of the defendant toward the plaintiff.

Testimony that there was an "employee of the . . . [proprietor of a theatre] who was doing something . . . to the floor" "in the right corner in the lobby" was evidence of agency of such employee at the trial of an action for personal injuries sustained by a patron of the theatre when she slipped on wet wax on the floor of the lobby as she was leaving the performance.

TORT. Writ in the Superior Court dated January 2, 1948. The action was tried before *Morton*, J.

*I. Bernstein*, for the plaintiff.

*C. W. Akstens*, for the defendant.

WILKINS, J. The plaintiff, a patron of the defendant's theatre, was hurt in a fall in the lobby. In this action of tort to recover for her injuries, a verdict was directed for

the defendant, the plaintiff excepting. On December 19, 1947, about 10:30 P.M. the plaintiff was leaving the theatre, and walking ahead of her husband and daughter. They had seen the "show," which was still continuing, and the theatre was half full. The lobby was about twenty feet long and dimly lighted. The floor was covered with black linoleum with white spots. After proceeding about half the length of the lobby to within three or four feet of the place where the ticket taker was standing, "she slipped with one leg going in front and the other leg going in back like a split." The cause of her fall was fresh wax. "There was a big skid mark from her fall like the wax was not dry. The whole floor was covered with wet wax." It "appeared sticky and shiny." "By stepping on the linoleum you could tell by the shine and the feel of it. When you walked, it was sticky." She did not notice the wax before she fell. After she fell she noticed what caused her to fall. "She saw all the wax and she saw the wax marks of her feet. . . . She noticed that the wax was wet, real wet. It didn't dry. It hadn't dried yet when she fell." The plaintiff was familiar with the application of liquid wax. If "it isn't dry and you walk on it . . . You slip and fall down." "There was another employee of the defendant who was doing something in the right corner in the lobby as they were going out; he was doing something to the floor. He had a mop or something in his hand." The plaintiff's husband said to the ticket taker, "It is the wrong time to wax the floor." The foregoing facts could have been found by the jury.

The plaintiff, a business visitor, was owed by the defendant the duty of keeping that part of the theatre which she was invited to use in a reasonably safe condition, and of warning her by barriers, signs, or other means of any danger which she might encounter in accepting the invitation, provided the danger was known or should have been known to the defendant and was one of which the plaintiff had no knowledge and could not reasonably be expected to have knowledge. *Rynn* v. *Fox-New England Theatres, Inc.* 299

Mass. 258, 259. *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 311. *Rosen* v. *Boston Symphony Orchestra, Inc.* 315 Mass. 732, 734.

We think that there was evidence of a breach of this duty, and that there was error in directing a verdict for the defendant. The jury could have found that there was a negligent invitation to walk on the floor before it was dry. *Ventromile* v. *Malden Electric Co.* 317 Mass. 132, 135, and cases cited. Unlike *Kay* v. *Audet,* 306 Mass. 337, relied upon by the defendant, this is not a case of mere slipperiness. *Laskey* v. *First National Stores Inc.* 317 Mass. 624, 627.

The defendant contends that the testimony that there was "another employee of the defendant who was doing something . . . to the floor" "in the right corner in the lobby" is not evidence of agency. No authority is given for this contention. We are of opinion that this is some evidence of agency. See *Heina* v. *Broadway Fruit Market, Inc.* 304 Mass. 608, 609–610; *Rogers* v. *United Markets, Inc.* 310 Mass. 829; *DiAngelo* v. *United Markets Inc.* 319 Mass. 143, 146.

*Exceptions sustained.*