*Northern District*

No. 4769

## ELIZABETH BYRON

### v.

## FRESH POND OPEN AIR THEATRE

*Brooks, J.* This is an action of tort in which plaintiff seeks to recover for personal injuries allegedly sustained April 4, 1953, while on defendant's premises watching an outdoor movie. Defendant's answer contains a general denial, plea of contributory negligence and assumption of risk.

The car, owned by one Cabral, was parked under the direction of one of defendant's employees. Cabral got out of the car for the purpose of attaching a speaker so that the passengers could hear the sound effects of the performance. Two speakers were attached by means of a cord to each of a row of posts about chest high. There was a dim light on the top of each post which illuminated the number. The posts were arranged in a line so that each would serve two cars. Cabral removed the speaker on the

left side and hooked it onto the right, front window which the plaintiff then rolled up from the inside almost all the way so that it was not quite tight. He was sitting in the right, front seat.

Plaintiff watched the performance until about 9:30 p.m. when an intermission period ensued during which patrons were informed that snack bars were open for refreshments. Many patrons left their cars to go for refreshments. People walking to the refreshment stand passed in front of the car in which plaintiff was seated. At the time of the accident, no one was walking on the left side of the car. The space between the posts on the right side of the automobile and the car was about three feet. The wire, which was a dirty gray color, between the post and the car had some slack in it. There were no lights on except, (1) the floodlights along the fence enclosing the theatre, which did not shine into the theatre; (2) the dim lights on the posts; (3) the illumination from the screen on which advertisements were being shown. The area in the immediate vicinity of the car was dark.

The children in the car at the beginning of the intermission went for refreshments and returned in a few minutes. While plaintiff was looking at the children to her left, she was suddenly struck in the back of the head and dazed. She later observed that the speaker had fallen into the car from its position on the right window and that the window glass was smashed. Two people were seen running from between that car and the car on the other side of the post. The theatre was quite dark at the time of the accident.

At the close of the trial and before argument, defendant made the following requests for rulings:

1. The evidence does not warrant a finding that the defendant was negligent.

2. The evidence does not warrant a finding that the defendant breached any duty owed by it to the plaintiff.

3. The evidence does not warrant a finding other than that the defendant's negligent act or omission was not the proximate cause of the alleged injuries to the plaintiff.

4. As a matter of law the alleged injuries were not the natural or probable consequence of the negligent act or omission of the defendant, its agents or servants.

5. The doctrine of res ipsa loquitur does not apply.

6. The evidence does not warrant a finding other than that it is no more probable that the alleged injuries resulted from a cause for which the defendant was responsible than from one for which it would not be liable.

7. The defendant owed the duty of ordinary care to the plaintiff having regard to the nature of the entertainment and the usual conduct of the customers.

The court granted defendant's requests for rulings Nos. 5 and 7 and denied the remainder.

The court found for the plaintiff in the sum of $170 without any further finding of fact.

The sole issue in the case is whether the trial judge erred as a matter of law in finding that defendant's negligence was the cause of the accident. The general proposition covering the liability for negligence in the conduct of places of public amusement is that the owner owes to its patrons, as business invitees, a general duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the use of the public, having regard to the construction, customary conduct of persons attending and the character of the entertainment given. *Rosston v. Boston Elevated Railway,* 278 Mass. 31, 34; *Ryhn v. N. E. Theatres,* 299 Mass. 258, 259; *Johnson v. Warner Bros. Circ. Manag. Corp.,* 301 Mass. 348, 350. This obligation includes the duty to use reasonable care to prevent injury to the public by third persons, whether their acts are accidental, negligent or intentional. *Rawson v. Mass. Operating Co.,* 325 Mass. 558. The burden is, of course, upon plaintiff to prove

negligence on the part of the defendant. *Bell v. Dorchester Theatre Co.*, 308 Mass. 118.

The problem is then to determine whether that burden has been sustained. It is not enough to show negligence. It must appear that it was the negligent act of defendant which was the primary cause of the injury. Thus, in cases like the present where the cause of the injury is based on circumstantial evidence, that evidence must indicate that it was more likely that the injury was caused by the negligence of the defendant than by any other cause. *Hanna v. Shaw*, 244 Mass. 57.

In the above case, the court found that it was just as likely that the damage to an automobile which had been left in a garage overnight could have been caused before the automobile entered the garage as afterwards. They said, "When the evidence tends equally to sustain two inconsistent propositions, neither can be said to be established by legal proof."

The only evidence of negligence in this case was that lights were not turned up during the intermission. Under a dictum in *Rosston v. Sullivan*, 278 Mass. 31, 35, it might be ruled that if lack of illumination contributed to the accident and this result might reasonably have been foreseen, defendant is liable.

Here, so far as the evidence discloses, persons were proceeding where they had no business to be — walking between pairs of automobiles connected by wires to posts which block the passageway and which, even in a dim light, should have been visible. That these wires might be thus disturbed accidentally or intentionally seems to us unlikely and not reasonably to be foreseen. Therefore, even though there was inadequate illumination, defendant would not be liable.

As between the likelihood of the accident having been accidental or intentional, there seems no more likelihood of the former than the latter. Indeed, the evidence that persons ran away strongly suggests

deliberate mischief. The best that can be said for plaintiff's point of view is that the evidence "tends equally to sustain two inconsistent propositions" in which case, under the decision in *Hanna v. Shaw*, supra, "neither can be said to be established by legal proof."

If the accident was due to a mischievous act by third persons, defendant would not be liable. *Rich v. Boston Elevated Railway*, 315 Mass. 615, 616. We think that the court erred in denying defendant's requests 3, 4 and 6.

*Finding vacated, judgment to be entered for defendant.*

G. H. Adamian, William Highgas, Jr., for the plaintiff.

Badger, Pratt, Doyle & Badger, Peter Cole, for the defendant.