JAMES G. CONSTANTINE *vs.* PROVEN PICTURES OF
BOSTON, INC.

Suffolk.   January 6, 1959. — January 30, 1959.

Present: WILKINS, C. J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Theatre.

Evidence in an action by a patron of a motion picture theatre against its
proprietor that the plaintiff was ushered to a seat next to a seat on the
main aisle, that soon thereafter another patron was ushered to the
adjacent aisle seat and placed a suitcase in the aisle at a spot only
dimly lit, and that one and one half or two hours later the plaintiff
got up to leave and was injured when he fell over the suitcase war-
ranted findings that the ushers on duty in the theatre should have
discovered and removed the suitcase and that the defendant was
negligent.

TORT.  Writ in the Superior Court dated August 24, 1956.
The action was tried before *Dowd*, J.

*Paul F. Markham*, for the defendant.

*James C. Henes*, for the plaintiff.

RONAN, J.  The plaintiff, a patron in the defendant's mo-
tion picture theatre, was ushered to a seat next to a seat on
the main aisle.  Soon another patron was ushered to the
adjacent aisle seat and as he took his seat he leaned over and
placed an object in the aisle.  The plaintiff observed this
"through the side of his eye" but "did not pay much atten-
tion to it."  About one and one half or two hours later, the
plaintiff got up to go to a rest room — he did not recall
whether the other patron stood up or leaned back to let
him pass — and was injured when he fell over the object,
which turned out to be a suitcase "about one foot wide."
There was a verdict for the plaintiff and the only question
presented by the bill of exceptions is whether the trial judge
erred in refusing to grant the defendant's motion for a di-
rected verdict.

The duty of care owed by the defendant to the plaintiff
as an invitee is "the general duty to use ordinary care and

diligence to put and keep . . . [its] theatre in a reasonably safe condition, having regard to the construction of the place, character of the entertainment given and the customary conduct of persons attending." *Rosston* v. *Sullivan*, 278 Mass. 31, 34–35. *White* v. *Mugar*, 280 Mass. 73, 75. *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346, 347–348. *Rynn* v. *Fox-New England Theatres, Inc.* 299 Mass. 258, 259. *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 311–312. *Klironomos* v. *Rialto Theatre Co. Inc.* 325 Mass. 560, 561. We are of opinion that in the instant case it could not have been ruled as a matter of law that there was no evidence from which it could be inferred that the defendant had failed to meet its duty of due care. The jury could properly have found that the suitcase constituted a danger where it was in the aisle and that it had remained there for a sufficient length of time prior to the accident for the defendant's ushers, whose duty it was in part to patrol that aisle, to have discovered it and moved it to a safe place. *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469. *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232. *Connair* v. *J. H. Beattie Co.* 298 Mass. 550. *Bavosi* v. *Interstate Theatres Corp.* 307 Mass. 124. *Gallagher* v. *Stop & Shop, Inc.* 332 Mass. 560. Although there is no contention that the illumination in the theatre was less than that reasonably necessary for the proper showing of the film, *Rosston* v. *Sullivan*, 278 Mass. 31, 35, there was evidence that the lights along the aisle were at places other than at the row in which the plaintiff was sitting so that the aisle was only dimly lit at the spot where the suitcase was. In such circumstances it is reasonable to infer that the presence of the suitcase there constituted a danger and that the accident was a foreseeable result. The defendant does not contend that the plaintiff was contributorily negligent, and we think that the jury could have found that he was not. *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81, 83. *Hayes* v. *Boston Fish Mkt. Corp.* 319 Mass. 556, 559, and cases cited.

The cases relied upon by the defendant are distinguishable. In *Pitcher* v. *Old Colony St. Ry.* 196 Mass. 69, the jury specifically found in answer to questions submitted to them

that the accident was not caused by the negligence of the defendant's employee and that the plaintiff was contributorily negligent. *Lyons* v. *Boston Elev. Ry.* 204 Mass. 227, is distinguishable in that there was no evidence introduced as to the length of time the article which caused the plaintiff's fall had been in the doorway of the defendant's car, nor did the evidence indicate that the defendant's employees had or ought to have had knowledge of its presence. It may be said that the presence of baggage in the aisle of a necessarily dimly illuminated theatre is fundamentally dissimilar to the presence of baggage in public conveyances where such articles are not uncommon. Other cases, where it was not shown that the article or substance was present for a sufficient period of time prior to the accident for the defendant in the exercise of due care to have discovered and taken care of it, are also distinguishable. *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489. *Johnson* v. *Warner Bros. Circuit Management Corp.* 301 Mass. 348. *Smail* v. *Jordan Marsh Co.* 309 Mass. 386. *Mandigo* v. *Hamid Amusement Co. Inc.* 317 Mass. 225.

*Exceptions overruled.*