JOSEPH DILWORTH *vs.* BOSTON GARDEN-ARENA CORPORATION. November 5, 1959. Exceptions overruled. This is an action of tort for injuries sustained by the plaintiff, a patron, when he slipped and fell because of an accumulation of waxed paper cups and liquids spilt therefrom in an aisle of the defendant's sports arena. The case was heard upon the report of an auditor whose findings were not final and upon oral evidence before a judge without a jury. The auditor found that the defendant was negligent and that the plaintiff was not guilty of contributory negligence. The judge found for the plaintiff in the sum of $1,118.87 in accordance with the report. He properly denied the defendant's motions to strike out certain designated portions of the auditor's report for none of them was irrelevant, conjectural or a mere conclusion of law not warranted by the facts found, as the defendant contended. The denial of the motion for a directed verdict for the defendant had no place at a jury waived trial, and there was no error even if we consider the motion as a request for a ruling in favor of the defendant. The defendant was obliged to use ordinary care to keep its premises in a reasonably safe condition, having regard to the construction of the place, the character of the entertainment given and the customary conduct of persons attending. *Constantine* v. *Proven Pictures of Boston, Inc.* 338 Mass. 463, 464, and cases cited. It could have been found that by the exercise of ordinary care the accumulation of waxed paper cups and liquids should have been discovered and remedied. The fact that the plaintiff had seen the accumulation prior to his fall did not require a holding that he was contributorily negligent. *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81, 83. *Mello* v. *Peabody*, 305 Mass. 373, 375. *Hayes* v. *Boston Fish Mkt. Corp.* 319 Mass. 556, 559. *Constantine* v. *Proven Pictures of Boston, Inc.* 338 Mass. 463, 464.

*Peter D. Cole*, for the defendant.

*Harold Katz*, (*Samuel J. Foti* with him), for the plaintiff.