*Northern District*

No. 6126

**JOHN CONNOLLY**

v.

**BOSTON GARDEN-ARENA CORPORATION**

*Present*: Brooks, P. J., Yesley & Durkin, JJ.

Case tried to ———, *J*. in the First District Court of Eastern Middlesex. No. 1111 of 1964.

*Yesley, J.* This is an action to recover for personal injuries suffered by the plaintiff when he picked up a splinter as he took hold of a bannister on a stairway in the North Station, Boston, leading to the east lobby of the Boston Garden (the Garden) located

above the Station. The cause is described in the trial judge's report as "sounding in tort for negligence in maintenance of a handrailing and in contract for breach of an implied contract to keep the premises in safe repair." There was a general finding for the plaintiff. No clue is given by the report as to whether the trial judge based his finding on the tort or contract theory, although his special findings are in the language of tort. Since the issues raised by the report pertain only to the negligence basis of liability and since it is our opinion that a finding for the plaintiff was warranted on that ground, we need not be concerned as to whether or not recovery was also warranted in contract.

*There was evidence that* the plaintiff entered the North Station on his way to purchase a ticket for a hockey game being played at the Garden that night. He climbed up one flight of stairs and then proceeded up another flight leading to the east lobby of the Garden. While going up the latter stairway he placed his hand on a railing which divided the stairway and picked up a splinter which caused him injury. After being treated by the doctor of the home hockey team he purchased a ticket and went to the game.

The trial judge found that the defendant was "in control of the premises of which the bannister . . . . was a part, that the bannister was splintery", and that this "dangerous condition" was somewhat concealed by the dark and dirty condition of the splintered part of

the bannister and "had existed long enough for the defendant, its agents or servants to have had notice thereof".

The defendant's requests for rulings, each of which was denied, raised these issues: (1) did the evidence warrant a finding that the defendant was in control of the premises where the injury occurred (request no. 5); (2) did the evidence warrant a finding that the injury to the plaintiff was caused by negligence or breach of legal duty on the part of the defendant (requests numbered 1, 3, 4); and (3) did the evidence warrant a finding other than that negligence on the plaintiff's part contributed to his injury (request no. 2)?

[■] The evidence warranted a finding that the defendant was in control of the stairway on which the splintered bannister was located, at the time the injury was incurred. There was then in effect a lease between the Boston & Maine Railroad, as lessor, and the defendant, as lessee, whereby there was demised to the defendant the "coliseum .... over that portion of (the North Station) building .... used for railroad station purposes, with the approaches from the street level for entrance and exit purposes, constituting the property commonly called 'The Boston Garden .... ". The evidence warranted a finding that the stairway where the injury occurred was an approach to the Garden from the street level and was thus included in the demised premises. As such it was under the control of the defendant. *Minkkinen v. Nyman,* 325 Mass. 92, 94;

*Carney v. Bereault,* Mass. Adv. Sh. (1965) 257, 262.

▮ The evidence warranted a finding that the defendant was negligent and that its negligence caused injury to the plaintiff. "One maintaining a place of amusement who has invited the public to attend upon payment of an admission fee is bound to exercise reasonable care to keep the premises in a reasonably safe condition for their use, and to warn them against any dangers which he knows or ought to know they might encounter while upon the premises and which they reasonably could not be expected to know." *Lemoine v. Springfield Hockey Association, Inc.,* 307 Mass. 102, 104.

▮ The trial judge found that a bannister with a concealed splintery condition was a dangerous condition. We cannot say that this finding was not warranted as a matter of law. The existence of a condition that could, and did, cause personal injury in the normal and expected use of a facility located on the premises to which the plaintiff was invited may reasonably be held to be a dangerous condition. See *Benjamin v. The O'Connell & Lee Mfg. Co.,* 334 Mass. 646, 649, 650.

▮ The trial judge's finding that this condition existed long enough for the defendant, its agents or employees to have had notice thereof is supported by the evidence. The evidence of the presence of dust and dirt in the area of the splinter warranted a finding that the splintered condition had existed long enough for the

defendant, if it had used reasonable care, to discover and repair it. See *Hastings v. Boston & Maine Railroad,* 332 Mass. 42, 43.

■ The plaintiff in his brief referred to answers to interrogatories propounded by him to the defendant that would have added further support to the finding of negligence on the part of the defendant in failing to become aware of the splintery condition of the railing. However, these interrogatories and answers are not included in the report, which, it is stated, "contains all the evidence material to the questions reported". We are necessarily limited to the evidence so reported in our determination as to whether there has been prejudicial error in the rulings complained of. See Rule 28 of the Rules of the District Courts (1965) and the Draft Report model thereto attached.

■ A finding was not required that negligence on the part of the plaintiff contributed to his injury. The plaintiff could not reasonably have been expected to know of this dangerous condition particularly in the light of the finding that it was concealed. See *Shrigley v. Boston Symphony Orchestra, Inc.,* 287 Mass. 300, 304; *Constantine v. Proven Pictures of Boston, Inc.,* 338 Mass. 463, 464; *Dilworth v. Boston Garden-Arena Corporation,* 339 Mass. 779.

There being no error the report is ordered dismissed.

Peter V. Maggio, Jr. for the Plaintiff.

Badger, Parrish, Sullivan & Frederick for the Defendant.