*Municipal Court of the City of Boston*

No. T-15510

**DAVID M. STEVENS**

v.

**RAYMOND'S DEPT. STORE**

Argued: Nov. 8, 1968 Decided: Dec. 10, 1968

*Present:* Adlow, C.J., Riley, Lewiton, J.J.

Case tried to *Glynn, J.* in the Municipal Court of the City of Boston No. T-15510

*Lewiton, J.* The plaintiff sought to recover for assault and battery and false imprisonment. The answer set forth a general denial and a specific denial that the actions complained of were committed or caused by any agent, servant, or employee of the defendant.

The following is a summary of all the evidence:

The plaintiff and his companion, both minors, went into the defendant's store in Boston on the afternoon of December 23, 1966. They went to the drum shop. There the plaintiff's companion had a drum-head in his hand, as the boys started to leave the store. The plaintiff left the street floor entrance with his companion directly behind him. When outside the store, the plaintiff noticed that his friend was no longer with him and he re-entered the store. At that point, a tall man came up to him and said, "Yes, you're the one." The plaintiff said, "What do you mean?" The tall man said,

"Don't give me any trouble or I'll break your skull." Then the tall man said, "What did you do with it, throw it in the gutter?" The plaintiff did not reply. Thereupon the tall man grabbed the plaintiff by his arm and neck and turned to some woman, requesting her to go outside the store and look for something. The plaintiff never saw the woman again.

The tall man pushed the plaintiff through the store, all the time holding him by his arm and neck. He brought the plaintiff to a room on the first floor, and on the way the plaintiff was pushed into two or three display counters, injuring his thigh. In this room, the plaintiff saw his friend and another boy. At the door leading into the room was a uniformed Boston policeman. The tall man told the boy to remain in the room, and he did so for fifteen minutes, until a shorter man came in and told the plaintiff to go.

The plaintiff's companion had been accosted prior to leaving the store by a man who said to him "I'm a cop, don't give me any trouble or I'll break your head open."

The next day, the plaintiff returned to the defendant's store with his father. After looking through the store for the two men involved in the incident, the plaintiff was unable to find them. He and his father spoke with the manager of the store, in the course of which the manager stated that the store had "outside men helping". The manager also said he was "surprised" at the story told by the plaintiff.

At the close of the trial, the defendant submitted requests for rulings to the effect that the evidence did not warrant a finding that the plaintiff's injuries were caused by an agent, servant or employee of the defendant or by persons for whom the defendant was legally responsible, and that the evidence did not warrant a finding for the plaintiff. The court denied these requests for rulings and found that the injuries received by the plaintiff were caused by persons for whom the defendant was responsible and that there was an unreasonable arrest and detention of the plaintiff by agents of the defendant.

 It is elementary, of course, that in order to hold the defendant liable for acts complained of by the plaintiff, the latter has the burden of proving that they were committed by an agent, servant or employee of the defendant acting within the scope of his employment, or by some other person for whose conduct the defendant is legally responsible. *Perras* v. *Hi Hat, Inc.*, 326 Mass. 78, 81. *Cowan* v. *Easter Racing Ass'n. Inc.*, 330 Mass. 135, 145-6. *Sullivan* v. *Crowley*, 307 Mass. 189, 190. *O'Leary* v. *Fash*, 245 Mass. 123, 125. *Genga* v. *Director General of Railroads*, 243 Mass. 101, 103-4.

 There was no specific evidence introduced as to the identity of the "tall man" or of the "short man" referred to by the plaintiff, nor any direct evidence that either of them was an agent or employee of the defen-

dant. The plaintiff argues that because the incident occurred on the premises of the defendant, and because the plaintiff was taken to, and detained in, a room in the store of the defendant, the trial judge was entitled to draw the inference that the men involved were, in fact, employees of the defendant and that they were then acting within the scope of their employment by the defendant.

So far as appears from the report, there was complete absence of evidence as to the manner in which these men were clothed or as to whether either of them had ever been seen on the premises on any other occasion, before or after the incident here complained of (*cf.* *Rogers* v. *United States Market, Inc.,* 310 Mass. 829; *Heina* v. *Broadway Fruit Market, Inc.,* 304 Mass. 608, 609-10), or evidence that either of them had been observed at any time on the defendant's premises performing any acts on behalf of the defendant or in furtherance of its business. (*cf.* *Klironomos* v. *Rialto Theatre, Inc.,* 325 Mass. 560, 562).

It would appear that seizure and detention of the plaintiff were based on a suspicion of his having taken an object from the defendant's store. However, it does not appear whether the object was the property of the defendant or of the woman to whom the "tall man" spoke when he grabbed the plaintiff by the arm. This ambiguity further militates against an inference that the actions of that man were those of an

employee of the defendant acting within the scope of his employment in seeking to protect the property of the defendant.

Moreover, it is a matter of common knowledge that police officers of the Boston Police Department are officially assigned to circulate, and do in fact circulate, through the sales areas of department stores in the shopping area in which the defendant's store is located, for the purpose of observing and apprehending shoplifters, handbag thieves and other law-breakers who operate in such places. Whether the man who took hold of the plaintiff and detained him was an employee of the defendant or a police officer in the performance of his official duties was a question left to pure conjecture by the evidence in this case. If he was in fact a police officer, the defendant would not be responsible for his actions in the absence of evidence that they were instigated, directed, or participated in by an authorized employee of the defendant. *Perras* v. *Hi Hat, Inc.*, 326 Mass. 78. *Hartigan* v. *Eastern Racing Ass'n. Inc.*, 320 Mass. 579, 581.

In our opinion the evidence did not warrant a finding that the acts complained of by the plaintiff were committed by an agent or employee of the defendant or by any person for whose actions the defendant was responsible, and the requested rulings to this effect should have been granted. *Driscoll* v. *Norumbega Park, Inc.*, 293 Mass. 277.

Finding for the plaintiff vacated. Finding for defendant to be entered.

JOSEPH W. MACDONALD
 of Dorchester for the plaintiff.
JAMES D. CASEY, CHARLES J. O'MALLEY
 Both of Boston for the defendant.