*Northern District*

No. 7647

**ANTHONY MAROTTA**

**v.**

**ZAYRE DEPARTMENT STORE**

Argued: ——————— Decided: ———————

138

*Present:* Parker, P.J., Durkin, Mason, JJ.

Case tried in the Fourth District Court of Eastern Middlesex No. 1103 of 1970.

**Parker, P.J.** This is an action of tort to recover for personal injuries alleged to have been caused by the negligence of the defendant. The declaration is in the standard form of a tort action. The defendant's answer was *1.* a general denial; *2.* contributory negligence; *3.* assumption of risk; and *4.* damage to plaintiff was not caused by a person for whose conduct the defendant was responsible.

**At the trial it was stipulated** the defendant was owner and in control of the premises on the date of the alleged accident and further that all employees in the store were employees of the defendant.

**There was evidence,** coming from the testimony of the plaintiff, that he came to defendant's store on 20 July 1968 to purchase a pair of shoes and while walking down an aisle next to the shoe department he felt an impact on the heel of his left foot, upon which he turned and saw a cart with a man standing behind it and holding on to it. This man was tall and thin with

his blue shirt sleeves rolled up and a pencil in his ear. The cart that allegedly hit him was a double tier cart piled with boxes. The plaintiff had previously seen this man in the defendant's shoe department rearranging shoes. The plaintiff identified the man as one Vincent Palumbo, but later stated that the boy only resembled Palumbo. The plaintiff's son who went to the defendant's store with his parents on the date of the alleged accident described the appearance and attire of the person pushing the cart to be the same as testified to by the plaintiff and that he saw his father lunge forward and also saw the above described man holding onto the cart.

The only evidence offered by the defendant was that on the date of the alleged accident no one by the name of Vincent Palumbo was employed at the defendant's store.

The report states as follows: "And the defendant, Zayre Department Store, says at the trial of said action that the said defendant requested the Court to give certain rulings of law which were duly filed before agreement as follows: "

This wording is confusing, since it can be construed that the statement is that of the defendant as to what happened and not a report of the court as to the evidence before him. It is to be pointed out that a report, though prepared by the appellant, is not the appellant's report, but is the report of the trial judge. The report is not what the appellant says happened but is

what the court reports as having happened and the evidence before him and his findings and rulings thereon. The report is erroneously headed "Defendant's Report" and as stated above it is not the defendant's report and should be headed: — "Report" —. *Perry* v. *Hanover,* 314 Mass. 167, 168. However, since the judge signed the report and the parties have proceeded on the basis that the requests for rulings were filed in fact and were denied we shall consider them as so filed, and denied. The requests so filed and denied as follows:

*1.* The evidence does not warrant a finding that the defendant, its agents or servants, were negligent.

*2.* The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

*3.* The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

*4.* As a matter of law the defendant breached no legal duty owed by it to the plaintiff.

*5.* The evidence does not warrant a finding that the injuries and damage alleged were caused by any person, corporation or entity for whose conduct the defendant was legally responsible.

The trial court made the following findings of facts:

"The plaintiff was a business invitee on the

defendant's premises at the time of his injury. Said injury was caused by the negligent act of the defendant's employee. The plaintiff in no way contributed to cause the injuries.''

The plaintiff claims to be aggrieved by the court's refusal to grant the above five requests.

The denial of these requests raises the question whether, on the evidence reported, could the court, as a matter of law, find for the plaintiff.

There was no error in the denial of request #2. The burden is on the defendant to establish contributory negligence and the evidence there is no evidence of any negligent act of the plaintiff. G.L.c.231, §85. *Perry* v. *Boston Elevated Ry.*, 322 Mass. 206, 210. *Abbott* v. *Link Belt Co.*, 324 Mass. 673, 678.

As to the defendant's request #5, the question is whether the trial justice could as a matter of law, not as a matter of fact, have ruled that the plaintiff's injury was caused by a person for whose conduct the defendant was responsible.

The testimony of the plaintiff and his son was sufficient to warrant a finding for the plaintiff. *Rogers* v. *United Markets, Inc.*, 310 Mass. 829. There was no error in denying the defendant's requests ##1, 4 and 5. *Klironomos* v. *Rialto Theater Co., Inc.*, 325 Mass. 560, 562. *Heina* v. *Broadway Fruit Market, Inc.*, 304 Mass. 608.

We are of the opinion that the contact of the cart with the plaintiff's heel was the cause of

the plaintiffs injury, and, therefore, there was no error in the denial of the defendant's request for ruling #3. *West* v. *Molders Foundry Co., Inc.,* 342 Mass. 8. *Howes* v. *Kelman,* 326 Mass. 696-97.

While the question is close, a finding for the plaintiff could have been found and there was no error in the denial of the defendant's requests for rulings.

As a general rule a judge's finding of fact will stand if warranted upon any possible view of the evidence. The general finding is conclusive if there is any evidence to support it. *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139, 143 and cases cited.

**Report dismissed.**

GERALD GRAY
of Boston for plaintiff.

BADGER, PARRISH, SULLIVAN & FREDERICK
of Boston for defendant.